**Anthony Leon SUMMERS, Appellant**

v.

**STATE of Texas DEPARTMENT OF CRIMINAL JUSTICE, et al., Appellees.**

**No. 09–07–239 CV.**

Court of Appeals of Texas, Beaumont.

Submitted on Feb. 5, 2008.

Decided May 22, 2008.

Anthony Leon Summers, Beaumont, pro se.

Greg Abbott, Atty. Gen., Jennifer J. Wells, Asst. Atty. Gen., Julia Hamill Murray, Asst. Atty. Gen., Austin, for appellees.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Anthony Leon Summers, an inmate, appeals from the trial court's dismissal of his pro se petition. The trial court determined that Summers failed to comply with

Chapter 14 of the Texas Civil Practice and Remedies Code, which applies to inmates proceeding *in forma pauperis*. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.014 (Vernon 2002). In two separate orders, the trial court dismissed all of Summers's claims. Because we find the trial court did not abuse its discretion in dismissing Summers's claims without prejudice, we affirm.

Summers sued eighteen defendants, who all were individual employees of the Texas Department of Criminal Justice, Corrections Division: Kenny Allen, James Barefield, Ronald Breaux, Jr., Jerry Daws, David Doughty, Hilary Flood, Paula Foy, Wesley Freeman, Terry Gibson, Gatta Harmon, Jr., Mecheal Jackson, William Kountz, Beth Lord, Alex Mayfield, Reginald McKinney, Clarence Mosley, Jr., Shereda Polk and Bonnie Young. Six defendants (Daws, Flood, Freeman, Kountz, Lord, and McKinney) filed answers. The remaining twelve defendants never answered, and nothing in the record indicates that they were ever served.

In his petition, Summers complained of the defendants' various acts consisting of assault, retaliation, extortion, destruction of property, denial of legal and personal supplies, and violations of his constitutional rights. The petition contained in the record before us does not include an affidavit of indigence. However, the court's records reflect that Summers did not pay the filing fee.

In October 2006, five of the six defendants (Freeman, Flood, Kountz, Lord, and McKinney) filed a joint motion to dismiss Summers's claims. In their motion, these five defendants asserted that Summers's suit should be dismissed because of his failure to comply with several requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.014. In January 2007, the trial court granted the motion and dismissed Summers's claims against Freeman, Flood, Kountz, Lord, and McKinney, without prejudice.

Daws, the remaining defendant who answered, subsequently filed a motion to dismiss. Daws likewise based his motion on Summers's failure to comply with several of Chapter 14's requirements. In April 2007, the trial court granted Daws's motion and entered an order dismissing Summers's claims against all defendants, without prejudice. Both of the dismissal orders recited that Summers was an inmate housed in a secure correctional facility at the time he filed his suit and that he filed an affidavit or unsworn declaration of inability to pay costs.

In May 2007, Summers filed a notice of appeal. Subsequent to filing the notice, Summers filed an affidavit to establish his inability to pay costs, in which he stated that he had been incarcerated since 2001 and that he had no real property or cash to pay for the cost of the proceedings. No one contested Summers's affidavit, and the trial court found that Summers properly established his indigence.

▇▇▇ When an inmate files suit in a district, county, justice of the peace, or small claims court, and also files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 ("Inmate Litigation") of the Texas Civil Practice and Remedies Code applies.[1] *See* TEX. CIV. PRAC. &

---

**1.** In the record before us, we are unable to locate the affidavit or unsworn declaration of indigence referenced by the trial court in its dismissal orders. However, Summers does not: (1) challenge the trial court's finding that he filed an affidavit or declaration of indigence, (2) contest on appeal that he was indigent when he filed his petition, (3) contend that he did in fact pay the taxable filing fees, or (4) assert that the trial court processed his case on the basis that he was indigent when he was not. When "findings are recited in the judgment, and no one complains or re-

Rem.Code Ann. § 14.002. In part, section 14.004 requires such inmates to file a separate affidavit or declaration:

> (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and
>
> (2) describing each suit that was previously brought by:
>
>> (A) stating the operative facts for which relief was sought;
>>
>> (B) listing the case name, cause number, and the court in which the suit was brought;
>>
>> (C) identifying each party named in the suit; and
>>
>> (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

*Id.* § 14.004(a)(1), (2).

■ In their motions to dismiss, the defendants asserted that Summers failed to comply with Chapter 14's requirements because he did not file an affidavit regarding his previous lawsuits, that he did not file a certified copy of his trust fund account statement, and that he did not file an affidavit and the related information required by Chapter 14 regarding his grievances. In dismissing Summers's claims without prejudice, the trial court found that he failed to comply with the require-

ments of Chapter 14. The trial court was not requested to and did not enter findings of fact or conclusions of law. We note that dismissals for failure to comply with the rules governing the filing of *in forma pauperis* suits are not rulings on the merits. *Light v. Womack,* 113 S.W.3d 872, 874 (Tex.App.-Beaumont 2003, no pet.). Therefore, by dismissing a claim without prejudice, a court allows the inmate an opportunity to re-file and comply with the requirements of Texas's inmate litigation laws.

■ When the trial court's order dismissing an indigent inmate's claims does not state the grounds on which the trial court granted the dismissal, the inmate must show on appeal that each of the grounds alleged in the respective motion to dismiss is insufficient to support the trial court's order. *Harrison v. Tex. Dep't of Criminal Justice, Inst'l Div.,* 164 S.W.3d 871, 875 (Tex.App.-Corpus Christi 2005, no pet.). A trial court has broad discretion to dismiss an indigent inmate's Chapter 14 lawsuit as frivolous or malicious, and we reverse its decision only if the court abused its discretion. *See Moore v. Zeller,* 153 S.W.3d 262, 263 (Tex.App.-Beaumont 2004, pet. denied); *see* Tex. Civ. Prac. & Rem.Code Ann. § 14.003(a)(2). A trial court abuses its discretion if it acts without reference to the pertinent guiding rules or principles. *Clark v. J.W. Estelle Unit,* 23 S.W.3d 420, 421 (Tex.App.-Houston [1st Dist.] 2000, pet. denied).

---

quests findings, and there is no conflict with separately filed findings of fact, the findings of fact in the judgment should not be ignored on appeal." *In re Estate of Jones,* 197 S.W.3d 894, 900, n. 4 (Tex.App.-Beaumont 2006, pet. denied). Therefore, for purposes of this appeal, we accept the trial court's unchallenged finding regarding Summers's filing of an affidavit or declaration of indigence. *See Eller Media Co. v. City of Houston,* 101 S.W.3d 668, 673–74 (Tex.App.-Houston [1st Dist.] 2003,

pet. denied); *Cushnie v. State Bar of Texas,* 845 S.W.2d 358, 360 (Tex.App.-Houston [1st Dist.] 1992, writ denied). We also note that even under circumstances when a court's record contains a declaration of the inmate's *ability* to pay, but the record reflects that in fact no costs were paid, Chapter 14's requirements have been applied. *Johnson v. Tex. Dep't of Criminal Justice,* 71 S.W.3d 492, 493–94 (Tex.App.-El Paso 2002, no pet.).

■ With respect to the information that Chapter 14 requires to be disclosed, the trial court needs information regarding the inmate's prior claims to determine if the claims before it are substantially similar to a previous claim. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b)(4). If "an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.-Beaumont 2001, no pet.); *see Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex.App.-Corpus Christi 2001, pet. denied). Further, inmates, even though proceeding pro se, must comply with applicable laws and rules of procedure. *Giddens v. Brooks*, 92 S.W.3d 878, 880–81 (Tex.App.-Beaumont 2002, pet. denied) (inmate's pro se lawsuit against a physician and medical center).

■ We have repeatedly held that trial courts do not abuse their discretion by dismissing inmate suits when the inmate does not file the required affidavit related to previous filings that Section 14.004 requires. *See Light*, 113 S.W.3d at 874; *Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex.App.-Beaumont 2003, no pet.); *Hall*, 39 S.W.3d at 724. Based on the record before us, we agree that Summers did not file a separate affidavit or declaration identifying each pro se suit that he previously brought and he failed to provide the required description of the operative facts regarding his prior suits. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a)(2)(A). "The purpose of Section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex.App.-Beaumont 2000, pet. denied).

In addition, Summers did not file an affidavit reflecting the dates he filed grievances or provide the additional information concerning grievances required by statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a)(1)-(2) (Vernon 2002). We have previously held that the failure to provide the required Chapter 14 documents related to prior grievances is another factor the trial court is permitted to consider in dismissing an indigent inmate's claims. *See Draughon*, 112 S.W.3d at 776.

Summers does not provide record references in his brief to demonstrate that the documents he filed in the trial court contain the required information about his grievances. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005. While the trial court's record contains some forms related to Summers's grievances, these documents are mixed with other documents in the 152 pages that he attached to his original petition. Summers also attached various grievance documents in other material that he filed with the trial court, but these additional documents are contained at various locations in the clerk's record, which is 899 pages in length. However, although we have examined the clerk's record, we do not find copies of any written decisions by the Department of Corrections on Summers's grievances, nor do we find the statutorily required affidavit or unsworn declaration by Summers stating the dates that his grievances were filed and the dates he received decisions on them. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a). We are also unable to determine whether the material he filed consists of all of the grievances related to the multiple claims he made in his petition.

On appeal, Summers does not contend that he attempted to identify his previous suits, that he filed a copy of his inmate trust account, or that he properly identified the information required regarding his grievances. Instead, Summers contends that to provide the information required to

comply with the statute, he would be required to have copies of the relevant documents. Even if we were to assume that the copies of Summers's claims he previously possessed were no longer in his possession, Summers provided the trial court with no evidence of his efforts, if any, to obtain the information required by Chapter 14. Similarly, Summers does not provide an affidavit or unsworn declaration containing the information that he could recall regarding his other lawsuits and grievances. We hold that the information Summers filed with the trial court regarding his grievances does not comply with the requirements of Chapter 14 and that the trial court's dismissal for failing to comply with Section 14.005 was not an abuse of discretion. *See Moore*, 153 S.W.3d at 264. Moreover, trial courts are not required to sift through voluminous, unsworn records such as those Summers filed here in an effort to find the information that the statute requires the inmate to file in affidavit form. *See Clark*, 23 S.W.3d at 422. In any event, no copies of the final decisions on Summers's grievances are found in the material he filed with the trial court.

Because Summers did not comply with the requirements of sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code, we find the trial court did not abuse its discretion in dismissing his case without prejudice. We affirm the trial court's orders dismissing Summers's claims.

AFFIRMED.