In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00234-CV


____________________



CHARLES RAY MASON AND JAMES CHARLES SMITH, Appellants



V.



ARTHUR WOOD, GARY HUNTER, BRENDA SPITALERI, PATRICIA STROBL


AND MARCIAL FOISIE, JR., Appellees


 




On Appeal from the 411th District Court 


Polk County, Texas


Trial Cause No. CIV24101






OPINION



 Charles Ray Mason filed a lawsuit against five employees of the Texas Department
of Criminal Justice. Arthur Wood, Gary Hunter, Brenda Spitaleri, Patricia Strobl, and
Marcial Foisie, Jr., filed an answer and motion to dismiss the case as frivolous inmate
litigation. James Charles Smith filed a motion in which he requested leave to intervene as
an aggrieved party. In separate orders, the trial court dismissed Mason's claims with
prejudice and dismissed Smith's claims without prejudice. In a consolidated brief, Mason
and Smith raise eight issues that we address out of order. We reverse the trial court's order
as to those claims by Mason that are subject to the inmate grievance system and remand those
claims to the trial court. We affirm the trial court's order as to all other claims, including all
claims raised by Smith in his intervention.

 Mason alleged he was targeted as a "Writ Writer" and claimed that on July 24, 2007,
the appellees acted in concert to deprive Mason of his property and to force Mason to sign
confiscation papers that were altered by the appellees. Mason asserted a common-law claim
for negligence, and statutory claims under the Civil Rights Act of 1964, the Texas Tort
Claims Act, the Deceptive Trade Practices Act, and the Texas Theft Liability Act, in
connection with an annual inspection of his cell and subsequent disposition of confiscated
papers and other personal property. Smith alleged the five defendants and unnamed others
unlawfully confiscated his legal property. (1) Both appellants brought property deprivation
claims against Department employees in their personal capacities. The actions of a
Department employee, any reprisal for exercising access to court rights, and the negligent
loss of authorized offender property by Department employees are among the matters within
the authority of the Department that are grievable through the offender grievance procedure. 
Tex. Dep't of Crim. Justice, Offender Orientation Handbook 53 (Nov. 2004),
available at http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.

 In their first issue, the appellants contend the trial court abused its discretion by
ordering the Office of the Attorney General to file an amicus curiae advisory to the trial court
regarding whether Mason had complied with the filing requirements of Chapter 14, Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014
(Vernon 2002). In their brief on this issue, the appellants argue the Office of the Attorney
General is not a party to the suit and suggest that the trial court erroneously ordered the
Office of the Attorney General to represent the Department employees sued in their
individual capacities. The trial court may entertain suggestions from a friend of the court. 
 See Johnson v. Ragan, No. 10-07-00009-CV, 2008 WL 598535, at *4 (Tex. App.--Waco
Mar. 5, 2008, no pet.) (mem. op.). Furthermore, the Attorney General did not file an amicus
curiae advisory in this case, but filed an answer and motion to dismiss on behalf of the
defendants. Such representation is permitted by a statute that does not distinguish between
representing state employees in their individual and official capacities. See Lutz v. Collins, 
No. 04-08-00496-CV, 2009 WL 330958, at *2 (Tex. App.--San Antonio Feb. 11, 2009, no
pet. h.) (mem. op.); see also Tex. Civ. Prac. & Rem. Code Ann. § 104.004 (Vernon 2005). 
We overrule issue one.


 In their second issue, the appellants challenge the trial court's order to withhold the
$25 filing fee from Smith's inmate trust fund account. The Civil Practice and Remedies
Code gives the trial court the discretion to enter an order for payment of court costs out of 
the inmate trust fund account. See Tex. Civ. Prac. & Rem. Code Ann. § 14.006. We reject
Smith's argument that Texas Rule of Civil Procedure 60 provides that he may file a petition
in intervention without paying a filing fee. Rule 60 concerns the method of intervening (by
filing a pleading), not the filing fee for doing so. See Tex. R. Civ. P. 60. The appropriate
filing fee is set by the Government Code. See Tex. Gov't Code Ann. § 51.317(b)(2), (4) 
(Vernon Supp. 2008); Tex. Gov't Code Ann. § 101.061(4), (5) (Vernon Supp. 2008). We
overrule issue two.

 Issue three contends the trial court erred in dismissing Mason's claim because the
appellees' motion to dismiss referred to Mason as "Barker" in two of the twenty-nine times
the plaintiff is mentioned by name in that particular document. The record does not reflect
that the trial court was confused, and the trial court named "Charles Ray Mason" in its
dismissal order. We overrule issue three.

 Issue five contends the trial court erred in impliedly agreeing that Mason's "legal
property" is contraband. The appellants argue that "legal property" does not fit the definition
of "contraband" found in a dictionary of legal terms. See Black's Law Dictionary 341
(8th ed. 2004). For purposes of inmate possession, "contraband" is defined in the Offender
Orientation Handbook and includes "[i]tems in excess of the amounts authorized or stored
in an unauthorized manner[.]" Tex. Dep't of Crim. Justice, Offender Orientation
Handbook 20. We overrule issue five.

 Issue eight claims that the trial court abused its discretion by granting the appellees
immunity from being sued in their individual capacities for theft, fraud, retaliation, and civil
rights violations. The affirmative defenses of official immunity from state law claims and
qualified immunity from federal law claims presuppose the existence of a prima facie claim. 
Leachman v. Dretke, 261 S.W.3d 297, 315 (Tex. App.--Fort Worth 2008, no pet.). Although
the appellees' motion to dismiss mentions the doctrine of sovereign immunity, the motion
to dismiss does not present claims of either qualified immunity or official immunity. Thus,
the appellants' suggestion that the trial court determined the appellees were immune from
suit in their individual capacities is not supported by the record. (2) We overrule issue eight.

 The remaining issues challenge the trial court's order of May 2, 2008, which
dismissed Mason's claims with prejudice. Issue four contends the trial court erred in
dismissing Mason's inmate grievance complaints for failure by Mason to timely file the suit
after exhausting his administrative remedies. Issue six urges the trial court erred in
dismissing Mason's suit with prejudice. Although a dismissal pursuant to Chapter 14 of the
Civil Practice and Remedies Code ordinarily must be without prejudice, the failure to file suit
within thirty-one days of exhausting administrative remedies cannot be cured by re-filing;
accordingly, such a dismissal may be with prejudice. Hines v. Massey, 79 S.W.3d 269, 272
(Tex. App.--Beaumont 2002, no pet.). Thus, the trial court did not err in dismissing Mason's
claims with prejudice, provided the record establishes that Mason failed to file his suit within
the time required by Section 14.005(b) of the Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002).

 An inmate who files a claim that is subject to the grievance system established under
Section 501.008 of the Government Code must file with the trial court: "(1) an affidavit or
unsworn declaration stating the date that the grievance was filed and the date the written
decision described by Section 501.008(d), Government Code, was received by the inmate;
and (2) a copy of the written decision from the grievance system." Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(a)(1), (2); see Tex. Gov't Code Ann. § 501.008 (Vernon 2004). The
trial court must dismiss the suit if the inmate's claim is subject to the grievance system and
"the inmate fails to file the claim before the 31st day after the date the inmate receives the
written decision from the grievance system." Tex. Civ. Prac. & Rem. Code Ann. 
§ 14.005(b).

 The appellees contend Mason failed to timely file his suit because he filed his suit
forty-nine days after his Step 2 grievance was signed. The time for filing suit pursuant to
Section 14.005(b) runs from the date the inmate receives the written decision from the
grievance system, not the date the Department issues its final decision on the matter. Id.
Mason attached the Step 2 grievance form, signed October 11, 2007, to his petition. Mason's
petition is dated November 27, 2007, and was filed on November 29, 2007. The petition
includes a declaration that Mason received the Step 2 grievance on October 29, 2007. 
Because the thirty-first day after the date Mason received the decision is November 29, 2007,
and Mason apparently placed his petition in the prison mail system on November 27, 2007,
the petition on its face appears to be timely filed. See Warner v. Glass, 135 S.W.3d 681, 684
(Tex. 2004); compare Comeaux v. Tex. Dep't of Crim. Justice, No. 14-02-01283-CV, 2005
WL 2978891, at *2 (Tex. App.--Houston [14th Dist.] Nov. 8, 2005, no pet.) (mem. op.)
(uncontroverted allegation of date of receipt established timely filing); with Hoyle v. Ferrell,
No. 13-08-420-CV, 2008 WL 4742026, at *2 (Tex. App.--Corpus Christi Oct. 30, 2008, no
pet.) (mem. op.) (failure to allege date of receipt of decision within thirty-one days of filing
petition failed to establish timely filing). If Mason actually received the decision before
October 29, 2007, the appellees could establish the true date of receipt and challenge the
timely filing of the suit. Here, however, the mere fact that the decision was signed eighteen
days before Mason claims he received it does not establish that Mason filed his suit too late. 
We sustain issues four and six.

 Issue seven contends the trial court erred in dismissing the suit for failure to state a
claim. The appellants argue the petitions they filed state a claim for deprivation of civil
rights under color of law. In particular, the appellants argue that they alleged the acts of the
defendants prevented them from filing post-conviction writs of habeas corpus with the Texas
Court of Criminal Appeals.

 Smith did not submit the filing fee with his petition and he failed to file an affidavit
or declaration relating to his previous filings. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.004. Thus, the trial court did not abuse its discretion by dismissing Smith's suit
without prejudice. Summers v. State Dep't of Crim. Justice, 256 S.W.3d 752, 756 (Tex.
App.--Beaumont 2008, no pet.).

 Mason argues the actions of the appellees prevented Mason from filing a post-conviction petition for writ of habeas corpus. Thus, he argues he presents a valid access-to-courts claim. Denial of access to courts by a Department employee is grievable. See Tex.
Dep't of Crim. Justice, Offender Orientation Handbook 53. We have determined that
the trial court erred in dismissing all of Mason's claims that are subject to the inmate
grievance system. Because the claim is being remanded to the trial court on other grounds,
we decline to address issue seven as to Mason.


 We reverse the trial court's order as to those claims by Mason that are subject to the

inmate grievance system and remand those claims to the trial court. We affirm the trial
court's order as to all other claims, including all claims raised by Smith in his intervention. 
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.




 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on February 26, 2009

Opinion Delivered March 19, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Although Smith's petition does not allege a date of occurrence, the appellants' brief
states that Smith was deprived of his property in February 2005. Smith filed his petition on
March 25, 2008.
2. We express no opinion on the merit or lack of merit of any potential claims of
official immunity that might be asserted in a future proceeding.