

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

#### NO. 02-17-00079-CV

LARRY JOE MORGAN                                    APPELLANT

V.

BENSON VARGHESE                                    APPELLEE

----------

### FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 342-285895-16

----------

## MEMORANDUM OPINION[1]

----------

Inmate Larry Joe Morgan sued Benson Varghese—a former Tarrant County Assistant Criminal District Attorney who helped prosecute Morgan for aggravated assault with a deadly weapon—for various torts and penal-code violations. Varghese successfully moved to dismiss Morgan's suit under chapter 14 of the Texas Civil Practice and Remedies Code. Morgan has appealed,

---

[1]*See* Tex. R. App. P. 47.4.

asserting that the trial court abused its discretion by (1) dismissing his suit in violation of his constitutional rights; (2) dismissing his suit with prejudice without giving him the opportunity to amend; and (3) denying his request for discovery. We will affirm.

## Background

In 2013, a Tarrant County jury convicted Morgan of aggravated assault with a deadly weapon, found the enhancement paragraph alleged in the indictment true, and assessed punishment at 20 years' confinement. *Morgan v. State*, No. 07-13-00136-CR, 2014 WL 2553376, at *1 (Tex. App.—Amarillo June 4, 2014, pet. ref'd) (mem. op., not designated for publication). Morgan's conviction was affirmed on appeal. *Id.*

In 2016, Morgan brought this suit in civil court, suing Varghese for damages based on violations of Texas Penal Code sections 15.01–.03, 32.42, 32.46–.48, 32.51, 37.09–.10, 37.12, 38.16, and 39.06 and claims for fraud, collusion, conspiracy, prosecutorial vindictiveness, tampering with or fabricating physical evidence that is not work product, tampering with governmental records, deceptive business records, and altering trial records. All of Morgan's claims arise from Varghese's actions as prosecutor in Morgan's 2013 case. He claims that Varghese tampered with evidence in his criminal trial, altered the record to cover up the lead prosecutor's misconduct, failed to allow Morgan to review the record from the trial, and failed to disclose exculpatory evidence in violation of

*Brady v. Maryland.*[2] Morgan further alleges that Varghese colluded with the lead prosecutor, Morgan's trial and appellate counsel, and the court reporter to secure his conviction.

Varghese moved to dismiss Morgan's claims under civil practice and remedies code section 14.003, arguing that they are frivolous or malicious because (1) they are substantially similar to Morgan's previous claims against the lead prosecutor, Morgan's former criminal appellate counsel, and Tarrant County that were dismissed as frivolous or malicious, and (2) they have no basis in law or fact because (a) they are barred by *Heck v. Humphrey*,[3] (b) Varghese is protected by absolute prosecutorial immunity, and (c) limitations has expired. *See* Tex. Civ. Prac. & Rem Code Ann. § 14.003(a)(2), (b)(2), (b)(4) (West 2017). After a nonevidentiary hearing, the trial court granted Varghese's motion without specifying the grounds upon which it relied and dismissed Morgan's claims with prejudice.

---

[2]373 U.S. 83, 87–88, 83 S. Ct. 1194, 1196–97 (1963).

[3]512 U.S. 477, 486–87 114 S. Ct. 2364, 2372 (1994) (holding that to recover damages caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus); *see, e.g.*, *Vargas v. Tex. Dep't of Criminal Justice*, No. 03-12-00119-CV, 2012 WL 5974078, at *3–4 (Tex. App.—Austin Nov. 30, 2012, pet. denied) (mem. op.) (citing *Heck* for the proposition that when a civil suit necessarily implicates the invalidity of an inmate's conviction, it must be dismissed unless the plaintiff demonstrates that the sentence has been invalidated).

**Dismissal of Frivolous or Malicious Claims under Chapter 14**

Chapter 14 permits a trial court to dismiss an indigent inmate's claim if the court finds that the claim is frivolous or malicious. *See id.* §§ 14.002, .003(a)(2) (West 2017). In making this determination, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear that the inmate cannot prove facts to support the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts. *Id.* § 14.003(b).

When, as here, the trial court's order dismissing an indigent inmate's claims does not state the grounds on which the trial court granted dismissal, the inmate must challenge all independent bases or grounds that support the dismissal. *See Conley v. Tex. Bd. of Criminal Justice*, No. 03-08-00239-CV, 2010 WL 1632972, at *1–2 (Tex. App.—Austin Apr. 22, 2010, no pet.) (mem. op.); *see also Summers v. State of Tex. Dep't of Criminal Justice*, 256 S.W.3d 752, 755 (Tex. App.—Beaumont 2008, no pet.) ("When the trial court's order dismissing an indigent inmate's claims does not state the grounds on which the trial court granted the dismissal, the inmate must show on appeal that each of the grounds alleged in the respective motion to dismiss is insufficient to support the trial court's order."). If an independent ground fully supports the complained of judgment, but the inmate assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground and affirm the dismissal. *See Conley*, 2010 WL 1632972, at *1; *see also Shirley v. Butcher*, No.

06-16-00089-CV, 2017 WL 1538164, at *2–3 (Tex. App.—Texarkana Apr. 27, 2017, pet. denied) (mem. op.); *Douglas v. Porter*, No. 14-10-00055-CV, 2011 WL 1601292, at *3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied) (mem. op); *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.).

**Dismissal of Morgan's Claims with Prejudice**

In his first issue, Morgan asserts that the trial court's granting Varghese's motion violated his First, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights. In support, Morgan reasserts some of the same allegations made in his petition. But even liberally construing Morgan's arguments, Morgan has failed to challenge any of the independent grounds on which Varghese moved to dismiss Morgan's claims—that they are frivolous or malicious because (1) they are substantially similar to Morgan's previous claims arising out of the same operative facts that have been dismissed as frivolous or malicious and (2) they have no basis in law or fact because they are barred by *Heck*, Varghese's prosecutorial immunity, and limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2), (b)(4). Because Morgan has failed to challenge any of these independent grounds for dismissal, we must accept their validity and affirm the trial court's dismissal. *See Shirley*, 2017 WL 1538164, at *2–3; *Douglas*, 2011 WL 1601292, at *3; *Conley*, 2010 WL 1632972, at *2; *Hall*, 39 S.W.3d at 724. We therefore overrule his first issue.

5

In his second issue, Morgan contends that the trial court abused its discretion by dismissing his claims with prejudice without first giving him the chance to amend his petition. As Morgan points out, a trial court's dismissal with prejudice is a ruling on the merits and is therefore improper if the dismissal is based on chapter 14 filing defects that the inmate can fix.[4] *See Hughes v. Massey*, 65 S.W.3d 743, 746 (Tex. App.—Beaumont 2011, no pet.) (holding trial court erred by dismissing suit with prejudice for failure to file trust-account statement required by civil practice and remedies code sections 14.004(c) and 14.006(f)); *Thomas v. Knight*, 52 S.W.3d 292, 295–96 (Tex. App.—Corpus Christi 2001, pet. denied) (holding trial court erred by dismissing suit with prejudice for failure to file an adequate affidavit of previous lawsuits required by civil practice and remedies code section 14.004), *cert. denied*, 537 U.S. 890 (2002). *See generally Peña v. McDowell*, 201 S.W.3d 665, 665–66 (Tex. 2006) (stating that dismissal with prejudice inappropriate when an inmate's failure to comply with section 14.004 could be corrected by amended pleading); *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App—Fort Worth 2009) (pet. denied) ("A dismissal with prejudice is a ruling on the merits and is therefore improper if the trial court's dismissal is based on procedural defects that the inmate can remedy."). But if the claim has no arguable basis in law, then dismissal with prejudice is appropriate.

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West 2017) (requiring an indigent inmate to file an affidavit or declaration identifying and describing previous filings and a certified copy of trust-account statement required by section 14.006(f)).

*Hamilton*, 298 S.W.3d at 340. When reviewing whether a trial court abused its discretion by dismissing claims with prejudice under chapter 14, an appellate court considers whether the inmate's error could be remedied with more specific pleading; if so, dismissal with prejudice is improper. *Hamilton v. Pechacek*, 319 S.W.3d 801, 810 (Tex. App.— Fort Worth 2010, no pet.) (citing *Leachman v. Dretke*, 261 S.W.3d 297, 306 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g)).

Here, Varghese did not move to dismiss Morgan's claims based on filing defects, and the trial court did not dismiss them on that basis. And as noted, because Morgan does not challenge the trial court's dismissal based on his claims' having no arguable legal basis, we must accept that ground's validity. Morgan makes no attempt to explain how this defect—that *Heck*, Varghese's immunity, and limitations bar his claims a matter of law—can be fixed through a more specific pleading. *See* Tex. R. App. P. 38.1(i). Accordingly, the trial court did not abuse its discretion by dismissing Morgan's claims with prejudice without giving him the chance to amend his petition, and we overrule Morgan's second issue.

### Denial of Discovery

In his third issue, Morgan asserts that the trial court abused its discretion by denying his request for discovery.

There is no indication in the record that Morgan served Varghese with discovery requests. After Varghese moved to dismiss Morgan's claims, Morgan

7

filed a "Motion to Show Cause for Action," in which he prayed for "full disclosure" pursuant to civil-procedure rules 194.1 and 194.2 and "production & inspection" under rule 196.1. Tex. R. Civ. P. 194.1, 194.2, 196.1. A few days after Morgan filed this motion, the trial court set Varghese's motion for hearing.

We construe this issue as a complaint that the trial court denied Morgan's "Motion to Show Cause for Action." But because the trial court did not rule on this motion and there is no indication in the record that the court refused to do so, Morgan has failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a)(2). Moreover, under section 14.003(d), the trial court was required to "suspend discovery relating to the claim pending the hearing." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(d); *Albert v. Aldelstein*, No. 02-13-00073-CV, 2013 WL 4017511, at *4 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (mem. op.) ("Under chapter 14 . . . 'the trial court *shall* suspend discovery' pending a determination of frivolousness." (quoting Tex. Civ. Prac. & Rem. Code Ann. § 14.003(d))). We therefore overrule Morgan's third issue.

## Conclusion

Having overruled Morgan's three issues, we affirm the trial court's order dismissing his claims with prejudice.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and KERR, JJ.

DELIVERED:  May 24, 2018