

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00391-CV

JIM B. ESTES                                                        APPELLANT

V.

KENDALL T. RICHERSON, DAVID                        APPELLEES
R. WEST, ANGELA N. DAVIS, LISA
JAMES, SUE E. PEARSON, AND
JOHN DOE FLOOR OFFICER

----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 186,966-C

----------

## MEMORANDUM OPINION[1]

----------

The trial court dismissed Appellant Jim B. Estes's suit against Appellees

Kendall T. Richerson, David R. West, Angela N. Davis, Lisa James, Sue E.

Pearson, and John Doe Floor Officer, for failure to comply with Texas Civil

Practice and Remedies Code Chapter 14.  *See* Tex. Civ. Prac. & Rem. Code

---

[1]*See* Tex. R. App. P. 47.4.

Ann. §§ 14.001–.014 (West 2017). We affirm the trial court's dismissal but modify the judgment to clarify that the dismissal is without prejudice as to one of Estes's claims.

## BACKGROUND

Estes, a prison inmate, sued Appellees, employees or correctional officers with the Texas Department of Criminal Justice, for negligence, gross negligence, failure to investigate, and deliberate indifference after he was injured in an assault by a fellow inmate. Richerson, West, Davis, James, and Pearson filed a motion to dismiss under Texas Civil Practice and Remedies Code Chapter 14, alleging that Estes failed to exhaust administrative remedies, that he failed to submit an affidavit of previous lawsuits, and that his claims lacked an arguable basis in law. The trial court granted the motion and dismissed Estes's suit. Estes now appeals.

## DISMISSAL UNDER CHAPTER 14

Because Estes has filed an unsworn declaration of inability to pay costs, Texas Civil Practice and Remedies Code Chapter 14 applies to this lawsuit. Tex. Civ. Prac. & Rem. Code Ann. § 14.002. Under Section 14.003 of Chapter 14, a trial court may dismiss an inmate's claim if it finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). A claim is frivolous or malicious for purposes of Chapter 14 if the claim has no arguable basis in law or in fact. *Id.* § 14.003(b). A court may also dismiss a claim to which Chapter 14 applies "if the court finds that . . . the inmate filed an affidavit or unsworn

2

declaration required by this chapter that the inmate knew was false." *Id.* § 14.003(a)(3).

We review a dismissal under Chapter 14 for abuse of discretion, but we review de novo the legal question of whether a claim has an arguable basis in law. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

## DISCUSSION

### I.   Estes Did Not Comply with Chapter 14.

#### A.   Estes's Affidavit Did Not Satisfy Section 14.004.

Because the trial court's order dismissing Estes's claims does not state the grounds on which the trial court granted the dismissal, Estes must challenge each independent ground that supports the dismissal. *See Morgan v. Varghese*, No. 02-17-00079-CV, 2018 WL 2341895, at \*2 (Tex. App.—Fort Worth May 24, 2018, no pet.); *Summers v. State of Tex. Dep't of Criminal Justice*, 256 S.W.3d 752, 755 (Tex. App.—Beaumont 2008, no pet.).  Estes first argues that he did not fail to comply with Section 14.004 of Chapter 14.  Under that section,

> (a)   An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:
>
> > (1)   identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1).

3

In the trial court, Estes filed an affidavit in which he averred that he "had no previous filings of litigation in State Court other than the one [he was] now p[u]rsuing." The affidavit does not, however, state whether he has previously filed litigation in a federal court. On appeal, Estes acknowledges in his brief that he has previously filed suit in federal court. Because Estes failed to include his federal court filings in his affidavit of previous filings, the trial court correctly dismissed Estes's suit. *Id.* § 14.003(a)(3). However, as we discuss below, this dismissal should have been without prejudice as to Estes's Section 1983 claim for deliberate indifference. *See Pena v. McDowell*, 201 S.W.3d 665, 666 (Tex. 2006); *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App—Fort Worth 2009) (pet. denied) ("A dismissal with prejudice is a ruling on the merits and is therefore improper if the trial court's dismissal is based on procedural defects that the inmate can remedy.").

## B. Estes's Affidavit Did Not Satisfy Section 14.005.

Appellees also moved to dismiss Estes's lawsuit on the basis that he failed to file an affidavit or unsworn declaration regarding the grievances he had filed before bringing his claims and failed to file copies of the decisions from those grievances. Under Section 14.005 of Chapter 14, if the inmate's claim is a claim subject to the grievance system, the inmate must file with the court a copy of the written decision from the grievance system and "an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described . . . was received by the inmate." Tex. Civ. Prac. & Rem.

4

Code Ann. § 14.005. If the inmate fails to make this filing, the trial court must dismiss the inmate's claim.

Although Estes filed copies of the written decisions from his grievances with the trial court, he failed to file the required affidavit. Accordingly, the trial court correctly dismissed Estes's suit. However, as with the dismissal based on Section 14.004, this dismissal should have been without prejudice as to Estes's Section 1983 deliberate indifference claim. *See Pena*, 201 S.W.3d at 666.

## II. Estes's Section 1983 Claim

### A. Estes's Deliberate Indifference Claim Has an Arguable Basis in Law.

Estes alleged that Officer Pearson and John Doe Floor Officer showed deliberate indifference "while they stood by and did nothing as they watched [Estes] get violently assaulted with a deadly weapon."

Private persons may bring lawsuits against state actors under 42 U.S.C. § 1983 to enforce constitutional rights. *Johnson v. Hous. Auth. Of Jefferson Par.*, 442 F.3d 356, 359 (5th Cir. 2006). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974 (1994) (citations omitted). However, a prison official cannot be found liable based on deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

5

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979.

In the motion to dismiss, Pearson asserted "[t]here are no facts to support a reasonable inference that Officer Pearson knew of a substantial risk of danger to Estes until the incident had already occurred." This ground appears to challenge the existence of facts to support Estes's claim. A Chapter 14 motion to dismiss asserting that the plaintiff's claim has no arguable basis in fact cannot be granted without a hearing. *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 271–72 (Tex. App.—Texarkana 2003, no pet.). The trial court held no such hearing in this case, and it therefore could not have dismissed Estes's deliberate indifference claim on this basis.

Officer Pearson also argued in the motion to dismiss that he "cannot be held liable for failing to protect Estes from being assaulted by another inmate solely for failing to open the door of the dayroom." In their brief on appeal, Appellees contend that "Estes does not allege that Pearson was aware of any kind of risks to his health or safety prior to the assault." Pearson thus argues that Estes failed to allege facts on which a claim for deliberate indifference may be based. But Estes did not merely allege that Pearson failed to open the door to the dayroom in which Estes was attacked or complain that Pearson failed to anticipate the attack. He alleged that Pearson "stood by and watched [him] get violently assaulted" and took no step to end the assault, not even opening the door of the day room so Estes could escape the assault.

Therefore, Estes's claim for deliberate indifference is not based on Officer Pearson's failure to anticipate the assault. It is based on the allegation that Pearson watched the assault and simply stood by and let it happen. An allegation that an officer witnessed an assault on an inmate yet did nothing can support a claim for deliberate indifference. *See Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Kozar v. Munoz*, 230 F. Supp. 3d 915, 921 (N.D. Ill. 2017) (stating that officers who witnessed an inmate's assault and simply walked away "did not take 'appropriate steps to protect him' because they did not take any steps at all"). Thus, while the trial court could dismiss Estes's suit for failure to comply with Section 14.004 and 14.005 of Chapter 14, it could not dismiss this claim with prejudice because it has an arguable basis in law. *Morgan v. Whitfield*, 547 S.W.3d 1, 3 (Tex. App.—El Paso 2017, no pet.). We therefore sustain Estes's issue as to his argument that this claim had an arguable basis in law.

### B.      Estes Inadequately Briefed His Failure to Investigate Claim.

Estes alleged that Officers Richerson, West, and Davis were "negligent in their duty to properly investigate and have failed to provide the nec[e]ssary information to the Office of Inspector General and the Wichita County D[istrict] A[ttorney]'s office for prosecution" and "have failed to take any action to punish" his assailant. Appellees moved to dismiss this claim on the ground that it does not state a cause of action under Section 1983.

7

Estes argues that his claim did state a cause of action, but he fails to cite any case law or statutory authority to support his contention. He cites only to the Texas Penal Code provision for the criminal offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West 2011). Estes provides no information and makes no statement as to the legal theory under which Appellees' failure to investigate may proceed as an actionable claim, under either federal or state law. We must therefore overrule his issue as to this claim because it is inadequately briefed. *Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.) (holding that an inadequately briefed issue had been waived on appeal); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that a point may be waived due to inadequate briefing).

### III. Estes Failed to Adequately Challenge the Dismissal Grounds on His State Law Tort Claims.

Estes argues that Appellees have "waived their 11th Amend. right to claim Sovereign Immunity by both their knowledge of the crime" and "the intentional refusal to properly investigate and report." He also cites federal case law for the proposition that Appellees "at all times (by their own admission) acted under color of law." These arguments wholly fail to address Appellees' substantive ground for dismissal of his *state* law claims: that his claims do not fall within the Texas Tort Claims Act's limited waiver of immunity, which "applies only to claims

8

arising within the context of use of a motor vehicle or motorized equipment, or through condition or use of property." *See* Tex. Civ. Prac & Rem. Code Ann. § 101.021 (West 2011). Nor does he address Appellees' assertion in the motion to dismiss that "[t]o the extent Estes is suing [Appellees] in their individual capacities, he is barred because the Texas Tort Claims Act . . . 'does not provide for recovery against individuals employed by the State.'" Because Estes failed to challenge these bases for the dismissal, we must overrule his issue as to his state law tort claims. *See Summers*, 256 S.W.3d at 755.

## ESTES'S REQUEST FOR CHANGE OF VENUE

Estes asserts in his brief that he would not get a fair trial in Wichita County, and as such he requests a change of venue in the interest of justice. The record does not show that Estes filed with the trial court a motion for change of venue under Texas Civil Procedure Rule 257. *See* Tex. R. Civ. P. 257. We therefore decline to address whether he is entitled to a transfer of venue. *See Gonzalez v. Remae, Inc.*, No. 09-15-00023-CV, 2017 WL 218902, at *4 (Tex. App.—Beaumont Jan. 19, 2017, no pet.) (mem. op.) (holding that because the appellant did not file a proper motion seeking to transfer venue, he waived any challenge to proper venue of the lawsuit).

## MODIFICATION OF THE TRIAL COURT'S JUDGMENT

A dismissal under Section 14.003 for failure to comply with Section 14.004 must be without prejudice. *Hamilton*, 298 S.W.3d at 340. The trial court's final judgment did not specify whether it dismissed Estes's suit with or without

prejudice. The First Court of Appeals has held that if a judgment of dismissal in a Chapter 14 case does not state whether the case was dismissed with or without prejudice, it is presumed it was dismissed without prejudice.[2] *See Martin v. State*, No. 01-03-01224-CV, 2005 WL 729480, at *3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2005, no pet.) (mem. op.). This court has cited *Martin* for that proposition. *See Geiger v. Milburn*, No. 02-13-00250-CV, 2014 WL 487190, at *3 (Tex. App.—Fort Worth Feb. 6, 2014, no pet.) (mem. op.). However, this court has also held, in a case not involving Chapter 14, that the inclusion of the phrase "all relief not expressly herein granted is hereby denied" in a judgment dismissing a case for want of prosecution is an adjudication on the merits—or a dismissal with prejudice. *See Patterson v. Herb Easley Motors, Inc.*, No. 2-04-351-CV, 2005 WL 2044671, at *4 (Tex. App.—Fort Worth Aug. 25, 2005, no pet.) (mem. op.). The trial court's judgment of dismissal in this case included such language. Despite this language, we presume that the dismissal was without prejudice and

---

[2]Several other courts of appeals have said the same. *See Emerald Waco Invs., Ltd. v. Petree*, No. 05-15-00863-CV, 2016 WL 4010056, at *6 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.) (dismissal of lawsuit for failure to file a certificate of merit was without prejudice); *Stone v. Tolerton*, No. 12-08-00127-CV, 2008 WL 5235630, at *3 n.3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.) (dismissal of inmate's suit under Chapter 14 was without prejudice); *Leffall v. Johnson*, No. 09-01-177-CV, 2002 WL 125824, at *2 (Tex. App.—Beaumont Jan. 31, 2002, no pet.) (not designated for publication) (dismissal of an inmate's suit, on the basis that an earlier suit involving the same parties and facts had been removed to and was pending in federal court, was without prejudice); *Varme v. Gordon*, 881 S.W.2d 877, 883 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (trial court order striking joinder of a party was without prejudice).

will not consider here whether Chapter 14 dismissal judgments should be treated differently than other dismissal judgments when the trial court fails to explicitly state whether an order is with or without prejudice. *See VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007) ("[T]he cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further." (quoting *PDK Labs., Inc. v. U.S. Drug Enf't Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring))). Rather, to avoid any confusion, we merely modify the trial court's judgment to clarify that the dismissal is without prejudice as to Estes's Section 1983 claim of deliberate indifference.

## CONCLUSION

Having held that the trial court correctly dismissed Estes's claims, we affirm the trial court's judgment, but we modify the judgment to specify that the dismissal is without prejudice as to Estes's claim of deliberate indifference.

Estes filed several motions during the pendency of this appeal. All motions not previously ruled on are hereby denied.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL: GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED: August 16, 2018

11