# NO. 12-17-00302-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VICTOR VEGA,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | | |
| *LORIE DAVIS, DIRECTOR,*<br>*TEXAS DEPARTMENT OF*<br>*CRIMINAL JUSTICE-*<br>*INSTITUTIONAL DIVISION,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Victor Vega appeals from the trial court's dismissal of his suit pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. In four issues, Vega asserts that the trial court erred by dismissing his petition as frivolous or malicious, doing so without giving guidance as to what he needs to remedy, improperly taxing costs against him, and failing to file findings of fact. We affirm in part and reverse in part.

## BACKGROUND

Vega is an inmate in the Texas Department of Criminal Justice-Institutional Division. A disciplinary case was brought against him for damaging a book in the law library. After a hearing, he was found "guilty." He then filed Step one and Step two grievances in an attempt to overturn the ruling. Both grievances were denied. Unsatisfied with those results, Vega filed suit in district court seeking judicial review. He brought his pro se in forma pauperis suit as an indigent inmate. Without holding a hearing, the trial court determined that the claim is frivolous or malicious and dismissed the cause without prejudice, citing Texas Civil Practice and

Remedies Code Section 14.003(a)-(c). The court assessed costs and fees against Vega pursuant to Section 14.006. This appeal followed.

<h2 style="text-align:center"><u>DISMISSAL OF SUIT</u></h2>

In his first issue, Vega contends the trial court erred in determining that his suit is frivolous or malicious. He argues that his petition states a claim upon which relief may be granted, if the allegations are found true. In his second issue, Vega asserts that the trial court erred in dismissing his petition without prejudice, without giving any guidance as to what he needed to amend or remedy, or giving him adequate notice as to what grounds he has to appeal.

## Standard of Review

We review a dismissal under Chapter Fourteen for an abuse of discretion. ***Hamilton v. Pechacek***, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241–42 (Tex. 1985). We will affirm the dismissal if it was proper under any legal theory. ***Johnson v. Lynaugh***, 796 S.W.2d 705, 706–07 (Tex. 1990) (per curiam).

## Applicable Law

The legislature enacted a statute governing inmate litigation to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates, consuming valuable judicial resources with little offsetting benefit. ***Hickson v. Moya***, 926 S.W.2d 397, 399 (Tex. App.−Waco 1996, no writ). Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). Under Chapter Fourteen, a trial court may dismiss an inmate's lawsuit for failing to comply with the chapter's procedural requirements or if it determines the suit is frivolous. *Id*. §§ 14.003-.005; ***Leachman v. Dretke***, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). One procedural requirement is that the affidavit or unsworn declaration of poverty must actually be true and meet certain disclosure standards. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.003(a)(1).

Generally, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of

his suit if he really wanted to and made a good faith effort to do so. *See Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). A prisoner at a Texas Department of Criminal Justice facility who has no money or property is considered indigent. *Donaldson v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, 355 S.W.3d 722, 725 (Tex. App.—Tyler 2011, pet. denied). However, an inmate who has funds in his trust account is not indigent. *Id*.

## Analysis

Vega argues that this case was dismissed as frivolous and there was no hearing, therefore, our review is limited to an examination of whether the claim has an arguable basis in law. While Vega correctly states this principle of law, we disagree that it is applicable here. The dismissal order stated that the court found the claim to be "frivolous or malicious," but it also dismissed the case "under § 14.003(a)-(c)." Section 14.003(a) authorizes dismissal if the court finds the allegation of poverty is false, the claim is frivolous or malicious, or the inmate filed a declaration that the inmate knew was false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Here, the trial court found multiple grounds for dismissal, some of which do not require us to examine whether the claim has an arguable basis in law. *Id*. § 14.003(a)(1) & (3); *McClain v. Terry*, 320 S.W.3d 394, 398 (Tex. App.—El Paso 2010, no pet).

Vega filed a declaration of inability to pay costs, requesting to proceed in forma pauperis in the district court. The record includes a printout reflecting deposit information for his inmate trust fund for the six month period before he filed the declaration. At the time the statement was prepared, Vega had a balance of $99.40. As the trial court noted in the judgment, the account statement shows deposits for the six month time period in the sum of $1,248.15. A trial court does not abuse its discretion in dismissing a suit when the plaintiff makes a false allegation of poverty in a suit governed by Chapter Fourteen. *Donaldson*, 355 S.W.3d at 725. Since Vega had funds in his inmate trust account, he is not indigent for Chapter Fourteen purposes, and his allegation of poverty was false. *Id*.

Because Vega did not satisfy Chapter Fourteen's requirement to show indigency, the trial court did not abuse its discretion in dismissing Vega's claim. We overrule Vega's first issue.

Vega also complains that he was given no guidance by the trial court. Dismissal with prejudice under statutes governing inmate litigation is a ruling on the merits and improper if based on procedural defects that the inmate can correct. *Fernandez v. Tex. Dep't of Criminal*

3

*Justice*, 341 S.W.3d 6, 16 (Tex. App.—Waco 2010, no pet.). By dismissing without prejudice, the court allows the inmate an opportunity to re-file and comply with the requirements of Texas's inmate litigation laws. *See Summers v. State of Tex. Dep't of Criminal Justice*, 256 S.W.3d 752, 755 (Tex. App.—Beaumont 2008, no pet.). Here, the trial court determined that Vega did not comply with Section 14.003(a)-(c). By dismissing without prejudice, the trial court signaled that it was not making a ruling on the merits. It became incumbent upon Vega to read the referenced statute and determine the applicable deficiencies. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (pro se litigant is held to the same standards as a licensed attorney). We overrule Vega's second issue.

## COURT COSTS

In his third issue, Vega asserts that the trial court erred by improperly assessing court costs against him without following the requirements of Rule of Civil Procedure 145(f)(4),(5), and (6). Vega does not elaborate on his bare assertion that the trial court erred by not following Rule 145. He argues that he did not submit any false, misleading, or knowingly inaccurate information in his statement of inability to pay costs negating dismissal under Section 14.003(a)(1) and (3).

As explained above, because Vega had funds in his inmate trust account, although he concludes his financial status qualifies him as indigent, he is not indigent for purposes of Chapter Fourteen, and his allegation of poverty was false. *See Donaldson*, 355 S.W.3d at 725. Therefore, the trial court was authorized to dismiss Vega's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1).

In the order of dismissal, the trial court ordered Vega to pay court fees and costs charged to him in this cause. The order followed the specifications detailed in Section 14.006 for payment of fees and costs. *See id*. § 14.006. In compliance with Section 14.006(e), the order authorized the Texas Department of Criminal Justice to withdraw money from Vega's inmate trust account to pay court fees and costs.

A party who files a statement of inability to afford payment of costs, the declarant, cannot be required to pay costs except by order of the court as provided by Rule 145 of the rules of civil procedure. TEX. R. CIV. P. 145(a). Rule 145 provides that the court may order the declarant to pay costs, among other scenarios, whenever evidence comes before the court that the declarant

may be able to afford costs. TEX. R. CIV. P. 145(f)(4). The rule further states that the declarant may not be required to pay costs without a properly noticed oral evidentiary hearing and that an order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs. *Id*. 145(f)(5), (6).

While Section 14.003(c) indicates that the court's determination to hold a hearing regarding whether an inmate has complied with Chapter Fourteen is discretionary, Rule 145 requires notice and an evidentiary hearing before ordering the declarant to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c); TEX. R. CIV. P. 145(f)(5); *Donaldson*, 355 S.W.3d at 725. In keeping with Chapter Fourteen's goal to promote judicial economy, Section 14.008 provides that the court may hold the hearing at a jail or with the aid of video communications technology. TEX. CIV. PRAC. & REM. CODE ANN. § 14.008. Further, a person submitting evidence, in the form of an admissible document or admissible testimony, made under oath or as an unsworn declaration, need not be present at the hearing. *Id*. § 14.009.

Here, the trial court did not hold a hearing, in person or by video communications technology. Because the trial court failed to comply with Rule 145's hearing requirement, the trial court erred in ordering Vega to pay costs. *See* TEX. R. CIV. P. 145(f)(5). We sustain Vega's third issue.

## FINDINGS OF FACT

In his fourth issue, Vega contends the trial court erred in failing to timely file findings of fact after requested. He cites to rules of civil procedure 296 and 145. A trial court is required in certain circumstances to file written findings of fact and conclusions of law when requested by a party. *See* TEX. R. CIV. P. 296. However, Rule 296 does not apply when a court dismisses a case under Chapter Fourteen of the civil practice and remedies code without holding a fact hearing. *See* **Timmons v. Luce**, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ).

As noted above, Rule 145(f)(6) provides that an order requiring a declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs. TEX. R. CIV. P. 145(f)(6). The trial court's order includes the court's finding that Vega's trust account statement showed deposits from January 2017 through June 2017 in the sum of $1,248.15. Due to our disposition of Vega's third issue, we need not determine if this finding satisfies Rule 145's

mandate for findings. To the extent Vega complains of the court's failure to comply with Rule 296, we overrule his fourth issue.

## DISPOSITION

Having overruled each of Vega's issues regarding dismissal of his claim, we ***affirm*** that portion of the trial court's judgment dismissing Vega's case under Section 14.003. We ***reverse*** that portion of the judgment ordering Vega to pay costs and ***remand*** the cause for further proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 22, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 22, 2018**

**NO. 12-17-00302-CV**

**VICTOR VEGA,**
Appellant
V.
**LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-INSTITUTIONAL DIVISION,**
Appellee

---

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV17-432-349)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the trial court below. In accordance with this court's opinion of this date, the judgment of the trial court is **affirmed** in part and **reversed** and **remanded** in part, as follows:

It is therefore ORDERED, ADJUDGED and DECREED that the portion of the judgment ordering dismissal of the case is **affirmed**.

It is further ORDERED, ADJUDGED and DECREED that the portion of the judgment ordering Victor Vega to pay costs is **reversed** and the cause is **remanded** to the trial court for further proceedings in accordance with this court's opinion, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*