Opinion issued October 25, 2018



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00565-CV

_____

**SAMUEL J. BURLESON, Appellant**

**V.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., Appellees**

---

**On Appeal from the 12th District Court**
**Walker County, Texas**
**Trial Court Case No. 1728162**

---

## MEMORANDUM OPINION

Samuel J. Burleson, an inmate, appeals the trial court's dismissal of his suit with prejudice for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

**Background**

Samuel J. Burleson, an inmate in the Texas Department of Criminal Justice, filed a pro se suit against the Texas Department of Criminal Justice and TDCJ law librarian, Gaye Karriker. Burleson asserts two primary complaints. First, Burleson asserts that, on an undisclosed date, TDCJ and Karriker violated his constitutional rights by committing copyright infringement through unauthorized use of his name on TDCJ offense reports, hearing records, audio files, computer and electronic files. Second, Burleson claims that he was denied due process in his disciplinary hearings when he was charged with filing a fraudulent UCC lien against Senior Warden John Rupert and Karriker for copyright infringement. Burleson argues that, as a result of the disciplinary hearings, his legal materials were taken from him and he was relocated to a different custodial class in violation of his Fourth Amendment rights.

The Office of the Attorney General of Texas filed an amicus curiae motion to dismiss the suit pursuant to Chapter 14. The trial court granted the motion and dismissed Burleson's suit as frivolous.

**Standard of Review**

Chapter 14 of the Texas Civil Practice and Remedies Code governs civil suits, other than suits brought under the Family Code, filed by inmates in which the inmate claims indigence by filing an affidavit or unsworn declaration of the inability to pay the court costs. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001-14.014. Burleson is an

inmate proceeding pro se and has filed an affidavit of his inability to pay costs. Accordingly, his suit is governed by Chapter 14 and must comply with tis requirements. *See* TEX. CIV. PRAC. & REM. CODE § 14.002.

A trial court may dismiss an inmate's suit under Chapter 14 if it is frivolous, considering whether, inter alia, it has no arguable basis in law or in fact. *Id*. at §§ 14.003(a)(2), (b)(2). A claim has no arguable basis in law if it relies upon an "indisputably meritless legal theory." *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

We typically review a trial court's dismissal of an inmate's suit under Chapter 14 for an abuse of discretion. *See Powell v. Clements*, 220 S.W.3d 138, 139 (Tex. App.—Waco 2007, pet. denied); *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). But when an inmate's suit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Although a chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010,

3

no pet.). We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex.1990).

In conducting our review, we take as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266. When, as here, a trial court does not issue findings of fact and conclusions of law, we imply all findings necessary to support the judgment. *Griffith v. Griffith*, 341 S.W.3d 43, 49 (Tex. App.—San Antonio 2011, no pet.) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)).

**Discussion**

**A.      Burleson's Suit Failed to Comply with Chapter 14**

Chapter 14 requires that inmates comply with specific supplemental filing provisions to proceed in forma pauperis. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.003–.005. If the provisions are not satisfied, then inmate's suit is subject to dismissal. TEX. CIV. PRAC. & REM. CODE § 14.010; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied) ("Prison inmates who file suits in Texas state courts prose and who seek to proceed in forma pauperis must comply with numerous procedural requirements set forth in Chapter 14 of the Code.

A failure to fulfill those procedural requirements will result in dismissal of an inmate's action.") (internal citations omitted).

It is undisputed that Burleson failed to comply with Chapter 14's requirements that he file (1) an affidavit or unsworn declaration stating the date he filed his grievance and the date the written grievance decision was returned him; (2) a copy of the written decision from the grievance system; and (3) an affidavit or unsworn declaration relating to previous pro se actions. TEX. CIV. PRAC. & REM. CODE §§ 14.005(a), 14.004(a). Each of these failures to comply with Chapter 14 is an independent ground for dismissing Burleson's suit.

*1. Burleson Failed to Demonstrate Exhaustion of Administrative Remedies*

Under Chapter 14, an inmate who files any claim subject to the administrative grievance procedure within the TDCJ must exhaust all administrative remedies prior to filing suit. An inmate must file with the court (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision from the TDCJ grievance system; and (2) a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE § 14.005(a). A court must dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE § 14.005(b).

Burleson did not file the required affidavit or unsworn declaration stating the date he filed his grievance and the date he received the written decision from the grievance system, nor did he file a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE § 14.005(a). Burleson's failure to demonstrate exhaustion of administrative remedies subjected his claims to dismissal by the trial court. Moreover, because Burleson did not file the required affidavit or copy of the grievance decision, he failed to demonstrate that his suit was timely filed before the 31st day after the date he received a final written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE § 14.005(b).

### 2. *Burleson Failed to File an Affidavit Relating to Previous Filings*

Chapter 14 requires an inmate to identify, in "a separate affidavit or declaration" from his petition, "each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought." TEX. CIV. PRAC. & REM. CODE § 14.004(a)(1). Chapter 14 further requires an inmate to describe each action previously brought by:

> stating the operative facts for which relief was sought; listing the case name, cause number, and the court in which the action was brought; identifying each party named in the action; and stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE § 14.004(a)(2).

6

Finally, section 14.004(b) requires an inmate to state the date of the final order affirming the dismissal of any previous action or claim that was dismissed as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE § 14.004(b). The purpose of section 14.004 is inextricably tied to section 4.003(b)(4), which allows a trial court to dismiss a petition as frivolous if "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE § 14.003(b)(4). "With respect to the information that Chapter 14 requires to be disclosed, the trial court needs information regarding the inmate's prior claims to determine if the claims before it are substantially similar to a previous claim." *Summers v. State Dep't of Criminal Justice,* 256 S.W.3d 752, 756 (Tex. App.—Beaumont 2008, no pet.). "If an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Id.*

The trial court properly dismissed Burleson's suit because Burleson failed to file a separate affidavit or declaration of previous filings, as required by Chapter 14.

**B.      Burleson's Suit Was Subject to Dismissal as Frivolous**

Even if an inmate satisfies the necessary filing requirements, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2); *Comeaux v. Tex. Dep't of Criminal*

*Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In determining whether a claim is frivolous or malicious, the court considers whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE § 14.003(b). A claim lacks an arguable basis in law if the claim is based on a meritless legal theory, or if the inmate failed to exhaust his administrative remedies. *See Jones v. Alford*, No. 09-12-00251-CV, 2013 WL 4774090, at *1 (Tex. App.—Beaumont Sept. 5, 2013); *Hamilton v. Williams*, 298 S.W.3d 334, 339-49 (Tex. App.—Fort Worth 2009, pet. denied).

Without reaching the merits, Burleson's claims lack an arguable basis in law because, as discussed above, Burleson failed to demonstrate that he exhausted administrative remedies. As discussed below, Burleson's claims were properly dismissed as frivolous because they also lack legal merit.

### 1. *Burleson's copyright infringement claims are based upon a meritless legal theory*

Burleson's primary claim of copyright infringement by using his name is based upon a meritless legal theory. Courts have consistently held there is no copyright protection for a person's name. *Miles v. United States*, No. 14-416C, 2014 WL 5020574, at *4 (Fed. Cl. Oct. 6, 2014) (holding that inmate's claim of copyright

8

infringement for use of his name was frivolous); *see also* 37 C.F.R. § 202.1(a) (2013); *Turner v. Peterso*n, No. C 12-0887 JSW (PR), 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012) ("[Pro se prisoner plaintiff] cannot trademark or obtain copyright protection for his own name.") (citations omitted). The United States Court of Federal Claims has repeatedly rejected prisoner claims alleging copyright infringement stating, "[W]e find no validity to the plaintiffs argument that a person can copyright his own name*." Quillin v. United States*, 228 Ct. Cl. 727, 728 (1981); *see also Miles*, 2014 WL 5020574, at *4 ("Many prisoners . . . have asserted that they copyrighted their names in order to pursue frivolous claims against the government and government officials.").

## 2. *Burleson's Federal Constitutional Claims Are Barred*

Although not cited in his petition, Burleson's assertion of federal due process and Fourth Amendment claims are necessarily brought under 42 U.S.C. section 1983, which provides a cause of action for deprivations of federal constitutional rights under color of state law. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330–33 (1986). Congress did not provide a statute of limitations applicable to section 1983 claims; therefore, courts considering such claims apply the forum state's statute of limitations for personal-injury torts unless the applicable statute of limitations would be inconsistent with federal law. *Lilly v. Texas Dep't of Criminal*

*Justice*, 472 S.W.3d 411, 417 (Tex. App. 2015), reh'g overruled (Oct. 6, 2015). In Texas, the limitations period for a section 1983 cause of action is two years. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE §16.003(a) (Texas has two-year statute of limitations for personal injury claims).

Burleson filed his lawsuit on February 13, 2017. Burleson's constitutional claims are based upon actions that occurred in 2014: relocation to a different custodial class on March 5, 2014, the removal of his legal materials on January 13, 2014, and his administrative hearing held on January 31, 2014. Because these claims are based on actions that occurred more than two years before Burleson filed suit, they are barred by statute of limitations and were properly dismissed as frivolous.

## Conclusion

We affirm the order of the trial court.


Jane Bland
Justice


Panel consists of Justices Keyes, Bland, and Lloyd.