**UNITED STATES ex rel. SCIMECA v. HUSBAND, Commissioner, et al.**

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 241.

1. **Habeas corpus ⊙⟿92(1)—Order determining relator was American-born, based on affidavits newly introduced, held error.**

On habeas corpus, order of District Court determining relator was American-born, based on affidavits newly introduced, held error; the limit of the court's duty being to review the legality of the action of the executive department.

2. **Aliens ⊙⟿32(2)—Board of special inquiry held to have jurisdiction of question of identity of alien as person born in United States.**

Board of special inquiry held to have jurisdiction of question of fact whether relator, demanding admission to United States, was the person whose birth in United States was evidenced by baptismal certificate.

3. **Aliens ⊙⟿54—Refusal, based on evidence, of board of special inquiry to believe relator's assertions that he was American-born, held finding of fact, binding on Circuit Court of Appeals.**

A refusal, based on evidence of the Board of Special Inquiry to believe alien's assertions that he was the same person named in a certain baptismal certificate, evidencing birth in the United States, held a finding of fact, binding on the Circuit Court of Appeals.

4. **Citizens ⊙⟿13 — Citizenship may be laid aside, in view of doctrine of expatriation.**

Citizenship arising by birth in this country, or any citizenship, may be laid aside, in view of American doctrine of inherent right of expatriation, as expressed in Rev. St. § 1999 (Comp. St. § 3955).

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Vincenzo Scimeca, against W. W. Husband, as Commissioner, and others. From an order discharging relator, the Commissioner appeals. Reversed.

Scimeca arrived in New York March, 8, 1924, as an immigrant. Before the board of special inquiry he deposed that he was born in the city of New York, and claimed admission as a citizen. He produced a certificate of baptism, admittedly transcribed from the records of a church in this city, showing that an infant of relator's name had been baptized May 14, 1900, having been born on the 10th day of May preceding. Relator further testified that his parents were still living in Italy, having returned to Italy when he was 4 years old, and having there continuously resided ever since. It is not asserted that the parents ever became citizens of the United States.

Relator had served in the Italian army, and declared that he had personally applied for his passport. The passport which he produced was an Italian one, issued at the mayor's office of Alcamo, Traponi, Italy. Relator declared that he had obtained it in June, 1923. It was issued to one Vincenzo Scimeca for a voyage to Buenos Aires. The only explanation offered of this was that "maybe they made a mistake." He testified that he did not desire to go to Buenos Aires, but had gone to Tunis to work. The passport bore an undated visa purporting to have been made by the American vice consul in Palermo. Relator sailed from Havre, France, on March 1, 1924, and the passport bore the stamp of the American consul at Havre, dated on the day of his sailing.

The board excluded the relator as one arriving in excess of the Italian quota, and the Secretary of Labor affirmed the finding. Thereupon this writ was brought, and the District Judge received and considered various affidavits, admitted on behalf of the relator, tending to show that the child named Vincenzo Scimeca was born in New York of Rosario Scimeca and Vita, his wife, who subsequently returned to Italy, intending "to buy a farm and settle down over there."

The District Judge, upon consideration of these affidavits, newly introduced before him, discharged the relator, on the authority of United States ex rel. Palermo v. Tod (C. C. A.) 296 F. 345. Whereupon the commissioner appealed.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Michael Stein, of New York City, for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The lower court was entitled and required to pass upon the legality of what the Executive Department had done, and that was also the limit of its duty. It was error to hold what was a new hearing on new evidence as to certain of the facts. We passed on this point in Bieloszyka's Case, 3 F. (2d) 551 (opinion filed November 3, 1924). We do not, therefore, consider the affidavits filed in the District Court.

Undoubtedly the Department of Labor held that Scimeca was an alien; but it did not hold that there was not a child baptized as Vincenzo Scimeca and born in New York City in May, 1900. We have no doubt such child was born, as we regard the baptismal certificate as most persuasive evidence. This point was sufficiently considered in the Palermo Case, supra. The department, however, did not believe that the child born in New York was the man, who, 24 years later, demanded to enter the United States, and this matter of identity is a wholly different question from that of birth.

No one identified the relator, and the only evidence of a documentary nature produced or apparently producible was his passport. On its face that document was either a total fraud, or was in a sense being used fraudulently. It was a year old; it was never intended for a journey to the United States; the visa at Palermo was incomplete; and the relator gave no explanation at all as to why it was so old, and how its patent errors had arisen.

[2] This case did not and does not turn upon the evidential value of the baptismal certificate. Let full force be given to it, and the question remains whether the man who knocked at the door of the country and demanded admission was or was not the man born in that country some 25 years ago. That was a question of fact, and the only evidence upon it was the oath of the relator and the circumstances surrounding his arrival in this country.

[3] The case was plainly within the jurisdiction of the board of special inquiry (United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040), and the cases are very numerous wherein this court has emphasized the finality of a finding of fact made by such a board acting within its jurisdiction. One of the latest is that of Soo Hoo Hong, 290 F. 689, which is no more emphatic than that of Tulsidas v. Insular Collector, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969. In other words, in view of the circumstances of Scimeca's coming, the board was not bound to believe his statements, and that refusal, based upon evidence, is a finding of fact binding upon us.

[4] While the board did not mention it, and the matter has not been argued at this bar, we point out, as germane to the admission or rejection of demands like this, that while a child born in this country, even of foreign parents, is born a citizen of the United States, such citizenship or any citizenship may be laid aside. The American doctrine is that the right of expatriation is inherent; it is expressed in a statute. R. S. § 1999 (Comp. St. § 3955). The question has often been passed on by the Department of State, and the result of our diplomatic holdings was summed up by Mr. Bayard, when Secretary, in 1888, by saying:

"It has been repeatedly held by us that, when a person born in the United States arrives at 21 in a foreign country, the mode of expressing his election to be a citizen of the United States is by promptly returning to the United States. * * * That is what is called double allegiance, and by the law of nations the nationality of such persons is to be determined by their own election of nationality at their maturity, which election is evidenced by placing themselves in the country they elect." Moore, International Digest, vol. 3, p. 548.

That the child born in New York in 1900 of Italian parents was regarded in Italy as an Italian subject is entirely plain. Id. p. 608 et seq. Let it be admitted that mere residence in a country other than the United States has no effect upon a citizenship acquired by birth. (United States v. Howe [D. C.] 231 F. 546); yet whether one who, at the age of 21, had lived for 17 years in Italy with his Italian parents, who (as appears in this case) was unable to speak the English language, who served in the Italian army and presumably swore allegiance to the land that claimed his services (Ex parte Griffin [D. C.] 237 F. 445), and who, when he desired to go abroad, took out a passport as an Italian subject bound for Buenos Aires, had not, by this long series of acts, given incontrovertible evidence of an intention to remain an Italian subject, may very well be argued.

We do not ground decision on this point. It is not necessary, and the record was not made with it in mind; but it is enough to suggest matter deserving of thought.

Order reversed.