## UNITED STATES ex rel. WRONA v. KAR-NUTH, District Director of Immigration and Naturalization.

### No. 1831.

District Court, W. D. New York.

April 6, 1936.

Leonard R. Lipowicz, of Buffalo, N. Y., for relator.

George L. Grobe, U. S. Atty. and R. Norman Kirchgraber, Asst. U. S. Atty., both of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

Relator was born in Buffalo, N. Y., on January 12, 1905. His parents then were citizens of Poland. About 1912 relator, with the members of his immediate family, except his father, went from the United States to Poland, where relator remained continuously till 1930. His father went to Poland in 1919, where he remained till 1926.

On October 14, 1926, relator enlisted in the Polish army, and on December 5, 1926, he took the oath of allegiance to Poland. On January 25, 1929, he was discharged from the army. He returned to this country February 14, 1930, and has resided here since that date.

On February 20, 1935, after a hearing, an order for the deportation of relator was issued, and this was based on the ground that at the time of his entry he was not in possession of an unexpired visa. A writ of habeas corpus has been sued out on the ground, as alleged, that relator is a citizen of the United States. A return to the writ has been made setting forth the proceedings before the district director of immigration, including, among other things, the birth, residence of the relator as hereinbefore set forth, his entry into the Polish army, and the taking of the oath of allegiance to Poland, and re-entry here without a visa but upon a passport obtained by false representations. Such allegations are not denied. The matter at hand is a decision upon the writ.

[1, 2] Expatriation is "the voluntary act of abandoning one's country and becoming the citizen or subject of another." Bouvier's Law Dictionary (unabridged) vol. 1, 3d Revision; 11 Corpus Juris, § 18, p. 784. The right of expatriation is generally recognized through the civilized world. It is recognized in this country by statute. Rev.Stat.1878, § 1999, U.S.C. title 8, § 15 (8 U.S.C.A. § 15). The law states that this is a natural right. Congress has the power to say what act shall expatriate a citizen. Ex parte Fung Sing (D.C.) 6 F. (2d) 670. A citizen is free to throw off his allegiance. United States v. Howe (D. C.) 231 F. 546; Edwards v. United States (C.C.A.) 7 F.(2d) 357. The rule with regard to expatriation prior to the Act of July 27, 1868, § 1, 15 Stat. 223, from which the act of 1878 was derived, was that the allegiance of a citizen could not be thrown off without the consent of the government. That is not the rule now.

The Act of March 2, 1907, title 8, § 17, U.S.C. (8 U.S.C.A. § 17), reads: "Any American citizen shall be deemed to have expatriated himself * * * when he has taken an oath of allegiance to any foreign state." There is no escape from the effect of this statute. Relator became a citizen at birth. He was born in this country. After he became 21 years of age, he enlisted in the Polish army and later took an oath of allegiance to Poland. He thereby became expatriated. This conclusion needs no further citation of authority. However, in United States ex rel. Rojak v. Marshall (D.C.) 34 F.(2d) 219, the facts are singularly comparable, and it was held that the relator therein lost his citizenship by reason of his taking a voluntary oath of allegiance to another country. United States v. Husband (C.C.A.) 6 F.(2d) 957; Ex parte Griffin (D.C.) 237 F. 445.

Once having taken the oath of allegiance, his subsequent discharge from the army on the ground that he was not a citizen when enlisting does not aid relator. He remained in the Polish army without protest for upwards of 2 years. The record discloses that the Polish government has now established relator's nationality as Polish and will issue passport for his entry into their country.

Having been expatriated, relator is in this country in violation of the Immigration Act of May 26, 1924 (8 U.S.C.A. § 201 et seq.), and is liable for deportation.