FEDERICI v. MILLER, United States Commissioner of Immigration & Naturalition, et al.

Civ. A. No. 7566.

United States District Court,
W. D. Pennsylvania.

Sept. 21, 1951.

Harry S. Kalson, Pittsburgh, Pa., for the plaintiff.

Edward C. Boyle, U. S. Atty., Elliott W. Finkel, Sp. Asst. to the U. S. Atty., Pittsburgh, Pa., for the defendants.

FOLLMER, District Judge.

Eleario Federici in a declaratory judgment action instituted pursuant to the provisions of the Act of October 14, 1940, c. 876, Title I, Subchap. V, § 503, 8 U.S.C.A. § 903, seeks judgment declaring him to be a United States citizen and national.

### Findings of Fact

1. Eleario Federici was born in the Borough of German, Fayette County, Pennsylvania, on August 7, 1917, and claims a permanent residence at Uniontown, Pennsylvania.

2. The parents of Eleario Federici, who were Italian nationals, returned to Italy in May 1921, taking Eleario with them.

3. Eleario Federici continued to reside in Italy until 1948.

4. About March 15, 1941, Eleario Federici was inducted into the Italian Army and at that time he took an oath of allegiance to Italy.

5. He served in the Italian Army until on or about October 5, 1945.

6. He voluntarily accepted a commission as a First Lieutenant in the Italian Army and at that time voluntarily took the oath of allegiance to Italy.

7. Since the first action by a government agency was a certificate of the loss of the nationality of the United States as to Eleario Federici issued by a Vice Consul of the United States, and the refusal of a passport and the subsequent actions of the Immigration and Naturalization Service were predicated thereon, the Department of State, although not an original party defendant, subsequently entered its appearance as an additional defendant in order that there might be full disposition of the issue involved without any doubt existing as to the jurisdiction of this Court.

### Conclusions of Law

1. Jurisdiction of this action is in the United States District Court for the Western District of Pennsylvania under the provisions of 8 U.S.C.A. § 903.

2. Plaintiff's service in the armed forces of Italy as a commissioned officer was voluntary and resulted in his expatriation under the provisions of Section 401(c) of the Nationality Act of 1940, 8 U.S.C.A. § 801(c).

3. Plaintiff's oath of allegiance to Italy taken at the time of acceptance of an officer's commission in the Italian Army was voluntary and resulted in the expatriation of Eleario Federici under the provisions of Section 401(b) of the Nationality Act of 1940, 8 U.S.C.A. § 801(b).

4. Plaintiff's actions resulted in his expatriation and he is no longer a citizen or national of the United States of America.

### Discussion

It is, inter alia, provided by Section 401 of the Nationality Act of 1940, 8 U.S.C.A. § 801, that:

"A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:

\*   \*   \*   \*   \*   \*

"(b) Taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state; or

"(c) Entering, or serving in, the armed forces of a foreign state unless expressly authorized by the laws of the United States, if he has or acquires the nationality of such foreign state; or \*   \*   \*"

Under the circumstances of this case it is unnecessary to consider the effect of his original induction into the Italian Army and the oath of allegiance taken at that time since there can be no doubt but that his acceptance of a commission as a First Lieutenant in the Italian Army was voluntary. His service thereafter as an

officer ·was voluntary and the oath of allegiance then taken was voluntary and in the exercise of his own free will, in connection with and for the purpose of receiving such commission. It is fundamental that where the overt acts constituting renunciation of United States nationality are freely and voluntarily done, the person is bound by whatever the legal consequences of such acts may be[1] and it is not material whether or not the person thereby intended such renunciation. Plaintiff's statement that he did not know until he visited the American Consul that he ·had lost his United States nationality thereby, even if true, would not alter the result prescribed by the statute.[2]

An order will be entered accordingly.

1. Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287; Perkins, Secretary of Labor v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320.

2. Acheson, Secretary of State of United States v. Mariko Kuniyuki, 9 Cir., 189 F.2d 741; Kasumi Nakashima v. Acheson, Secretary of State, D.C.S.D.Cal., 98 F.Supp. 11; Cantoni v. Acheson, Secretary of State, D.C.N.D.Cal., 88 F. Supp. 576. And this was likewise so under the prior Act of 1907, Ex parte Griffin, D.C.N.D.N.Y., 237 F. 445; United States ex rel. Rojak v. Marshall, D.C.W. D.Pa., 34 F.2d 219; United States ex rel. Wrona v. Karnuth, D.C.W.D.N.Y., 14 F.Supp. 770.