Andy JOHNSON, Appellant,

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Wayne Scott, Texas Executive Director, and Paul Morales, Warden, Appellees.**

No. 08–01–00247–CV.

Court of Appeals of Texas, El Paso.

Feb. 14, 2002.

Andy Johnson, Ft. Stockton, TX, Pro Se.

John Cornyn, Attorney General, Deven Desai, Assistant Attorney General, Austin, TX, for Appellees.

Before Panel No. 4: BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

Andy Johnson, an inmate in the Lynaugh Unit of T.D.C.J., filed suit under the Texas Tort Claims Act and 42 U.S.C. § 1983 based upon the loss of two pair of sunglasses. The trial court dismissed his civil suit against T.D.C.J. as frivolous. Johnson appeals. Finding no abuse of discretion, we affirm.

### Facts

In his pro se petition, Johnson alleged that after his transfer to the Lynaugh Unit of T.D.C.J., the two pair of sunglasses issued him by the T.D.C.J. for his conjunctivitis were destroyed. Attached to his petition was Johnson's "declaration to pay cost," in which Johnson stated he was able to pay court costs and the cost of serving his lawsuit. Despite this declaration, Johnson never paid the filing fee or service fees associated with his lawsuit. The Texas Attorney General's Office, on behalf of defendants T.D.C.J. and Paul Morales, filed a motion to dismiss, urging among other things that Johnson had failed to comply with TEX. CIV. PRAC. & REM.CODE Chapter 14. Defendants also moved to dismiss on the grounds that Johnson's suit

was barred by the Texas Tort Claims Act and that he had not stated a claim under 42 U.S.C. § 1983. The trial court dismissed the suit as frivolous. Johnson has filed his pro se appeal.

## Standard of Review

We review a trial court's dismissal of an action under TEX. CIV. PRAC. & REM.CODE Chapter 14 for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex.App.-Fort Worth 1997, writ denied).

## Failure to pay filing fee and failure to comply with Tex. Civ. Prac. & Rem.Code Chapter 14

This case is unusual in that plaintiff Johnson filed a "declaration to pay cost" stating he was able to pay court costs and service, but has apparently never done so.[1] His "notice of appeal," which we have construed as his brief on appeal and which he has declared under penalty of perjury is correct, states that "plaintiff filed with honorable clerk in accordance with Texas Government Code § 51.317 wherefore at the time the suit or action is filed plaintiff will gladly pay the fees." The Government Code, however, requires that the district clerk shall collect *at the time the suit or action is filed* the fees for filing suit, for issuing citation, and for record management and preservation. TEX. GOV'T CODE ANN. § 51.317 (Vernon 1998). We believe the trial court would have been justified in concluding that Johnson, although declaring his intent to pay the costs associated with filing suit, was actually attempting to proceed in forma pauperis. Therefore, the trial court did not abuse its discretion in requiring Johnson to follow the procedures set out in the Civil Practice and Remedies Code.

Johnson did not file a declaration relating to previous filings, required by TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon Supp.2002). Neither did he comply with TEX. CIV. PRAC. & REM.CODE ANN. § 14.006 (Vernon Supp.2002) by filing a copy of his inmate trust account with his petition.[2] He clearly did not comply with the legislative mandates governing in forma pauperis prisoner litigation.

Johnson's position, however, is that his suit does not fall within Chapter 14 because he never filed a declaration of inability to pay costs in the trial court. We cannot hold that simply stating an ability to pay costs, without ever paying them, exempts a prisoner from the requirements of Chapter 14. To do so would clearly thwart the legislature's intent to control the number of frivolous lawsuits being filed by prison inmates, consuming judicial resources with little offsetting benefit. *Hickson*, 926 S.W.2d at 399. For these

---

1. On appeal, Johnson filed an application to proceed in forma pauperis. This Court ordered the trial court to hold a hearing and make findings as to Johnson's indigency. The trial court found after hearing that Johnson was indigent and unable to prepay fees, costs, or give security for the appeal. Based upon these factual findings, this court granted his application to proceed in forma pauperis on appeal.

2. The attorney general's brief contends that Johnson did not comply with TEX. CIV. PRAC. & REM.CODE ANN. § 14.005 (Vernon Supp.2002) because he did not attach copies of his grievance which is prerequisite to filing suit. A copy of the grievance appears as Exhibit 1 to the petition in this Court's record. Although the affidavit required by section 14.005(a)(1) is not included, nevertheless it appears the information required is contained in the exhibit. We therefore decline to address this as a Chapter 14 deficiency.

reasons, we find the trial court did not abuse its discretion in dismissing Johnson's lawsuit.

## Conclusion

The judgment is affirmed.