# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00444-CV

**Cynthia Ulett Lynch, Appellant**

**v.**

**Jack in the Box, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
## NO. 217,739-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Cynthia Ulett Lynch appeals from the dismissal of her personal injury lawsuit against Jack in the Box. In a single issue on appeal, Lynch challenges the district court's finding that her suit was "frivolous and malicious because her claim has no arguable basis in law or in fact." We affirm the judgment.

## BACKGROUND

On June 26, 2006, Lynch filed what she styled a "Motion for Request for Permission to File a Late Claim." In the motion, Lynch asserted various claims against Jack in the Box, including "deception," "false statements," and "product liability based on misrepresentation." Although Lynch did not explain the basis of these claims in her pleadings, in her appellate brief she explains that on May 17, 2004, she ordered a chicken sandwich from Jack in the Box but was instead

given a ham and egg sandwich. Lynch alleges that she "got sick approximately eighty minutes after eating [the] sandwich."

Lynch also filed a "Motion for Request for Permission to Pay Filing Fees in Installments." In this motion, Lynch stated the following:

> Applicant is filing herewith a voluntary petition.
>
> I am unable to pay the filing fees because I have no income.
>
> I propose to pay my filing fees on the date of settlement.
>
> Wherefore applicant prays that she be permitted to pay the filing fees on the date of settlement.[1]

The district court interpreted this motion as a statement of inability to pay costs. In accordance with chapter 13 of the Texas Civil Practice and Remedies Code, the district court then found that Lynch's suit was frivolous and malicious and had no arguable basis in law or in fact and, without a hearing, dismissed Lynch's suit without prejudice. This appeal followed.

## DISCUSSION

The only issue in this case is whether the district court abused its discretion in dismissing Lynch's suit pursuant to section 13.001 of the civil practice and remedies code, which provides:

> (a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

---

[1] Lynch attached to her motion a letter from an elder at her church, in which the elder explains that the church is unable to provide her with financial assistance. Lynch apparently attached this letter to her motion as "evidence of hardship."

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West 2002).

We must first determine if chapter 13 applies to this case. Chapter 13 only applies to lawsuits in which an affidavit of inability to pay court costs under rule of civil procedure 145 has been filed. *Id*. § 13.001(a). Rule 145 provides that a "party who is unable to afford costs" must file an affidavit with the trial court. *See* Tex. R. Civ. P. 145(a). A "party who is unable to afford costs" is defined as a person who is presently receiving a governmental entitlement based on indigency or any other person who has no ability to pay costs. *Id*. Rule 145 also provides that the affidavit "must contain complete information" as to the party's identity and income, including any debts and monthly expenses. *See* Tex. R. Civ. P. 145(b). The affidavit shall also contain the following statements: "I am unable to pay the court costs. I verify that the statements in this affidavit are true and correct." *Id*. In her motion, Lynch did not verify her statements or provide complete information about her income. Thus, Lynch's motion did not comply with the affidavit requirements of rule 145.

Nonetheless, the mere fact that Lynch's statement of inability to pay costs fails to comply with rule 145 does not mean that her suit is not subject to chapter 13. In *Johnson v. Texas Department of Criminal Justice*, 71 S.W.3d 492 (Tex. App.—El Paso 2002, no pet.), the El Paso court of appeals faced a similar situation involving chapter 14, the counterpart to chapter 13 that applies specifically to inmate litigation.[2] Johnson sued the Texas Department of Criminal Justice, alleging that the department destroyed two pairs of his sunglasses. *Id*. at 492. Attached to his petition was a "declaration to pay cost," in which Johnson stated that he *was* able to pay court costs. *Id*. However, Johnson never paid the filing fees or service fees associated with his lawsuit. *Id*. Noting that the government code requires that the district clerk collect fees *at the time the suit or action is filed*, *see* Tex. Gov't Code Ann. § 51.317(a) (West Supp. 2006), the court reasoned that, because Johnson did not pay costs, the trial court was justified in concluding that Johnson was actually attempting to proceed in forma pauperis. *Johnson*, 71 S.W.3d at 493. Thus, the trial court did not abuse its discretion in applying chapter 14 of the civil practice and remedies code to Johnson's lawsuit. *Id*. The court explained:

> Johnson's position, however, is that his suit does not fall within Chapter 14 because he never filed a declaration of inability to pay costs in the trial court. We cannot hold that simply stating an ability to pay costs, without ever paying them, exempts a prisoner from the requirements of Chapter 14. To do so would clearly thwart the legislature's intent to control the number of frivolous lawsuits being filed by prison inmates, consuming judicial resources with little offsetting benefit.

*Id*. (citing *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)).

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West 2002). Prior to the enactment of chapter 14 in 1995, chapter 13 applied to lawsuits filed by both inmates and non-inmates. *See Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). Chapter 13 no longer applies to inmate litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.004 (West 2002).

While chapter 14 applies only to lawsuits brought by inmates, *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West 2002), we conclude that the reasoning in *Johnson* can also be applied to chapter 13. The purpose of chapter 13 is to prevent abusive litigation by litigants who "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Spellmon v. Sweeney*, 819 S.W.2d 206, 210 (Tex. App.—Waco 1991, no writ). To hold that trial courts cannot dismiss such suits simply because the indigent litigant, who may often be proceeding pro se, did not comply with all of the procedural requirements of rule 145 would defeat the purpose of the statute and could actually reward noncompliance with rule 145 by creating an incentive for litigants to file affidavits of indigence that do not meet the rule's requirements.

Although Lynch's motion did not comply with rule 145, Lynch clearly stated that she was "unable to pay the filing fees" because she had "no income." Lynch's "proposal" to pay the filing fees "on the date of settlement" is irrelevant, as the government code requires the district clerk to collect the fees at the time the suit or action is filed. *See* Tex. Gov't Code Ann. § 51.317(a). On this record, we hold that the district court did not abuse its discretion in concluding that Lynch was attempting to proceed in forma pauperis and thus in applying the procedures of chapter 13 to her lawsuit.

Having determined that chapter 13 applies to Lynch's lawsuit, we must now determine whether the district court abused its discretion in dismissing Lynch's suit as frivolous and malicious. The district court stated that it was dismissing Lynch's suit because it had "no arguable basis in law or fact." *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(2). Because the district court dismissed Lynch's suit without a hearing on factual issues, the only possible reason for the

5

district court's dismissal is that there was no basis in law for the suit. *See Moore v. Collins*, 897 S.W.2d 496, 499 (Tex. App.—Houston [1st Dist.] 1995, no writ).

We review dismissal under chapter 13 for abuse of discretion. *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 628 (Tex. App.—Austin 2002, no pet.). The test for determining whether the court abused its discretion is whether it acted without reference to any guiding rules or principles and whether it acted arbitrarily and capriciously. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995); *Jones*, 78 S.W.3d at 628. A trial court's clear failure to properly analyze and apply the law constitutes an abuse of discretion. *McDaniel*, 898 S.W.2d at 253.

Construing Lynch's pleadings liberally, she alleged possible causes of action for negligence and product liability under the DTPA. There is a two-year statute of limitations for negligence and DTPA claims. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 749-50 (Tex. 1999) (citing Tex. Bus. & Com. Code Ann. § 17.565 (West 2002) (DTPA claims); Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2006) (negligence claims)). Lynch's causes of action arose on May 17, 2004, the day that she allegedly bought her sandwich from Jack in the Box and became sick. She did not file suit until June 26, 2006. Thus, because Lynch's negligence and DTPA claims were not filed within the two-year statute of limitations, they have no arguable basis in law.

Lynch's petition also referred to "fraud." Fraud is subject to a four-year statute of limitations. *See Shannon v. Law-Yone*, 950 S.W.2d 429, 433 (Tex. App.—Fort Worth 1997, pet. denied). Thus, this cause of action is not barred as a matter of law by the applicable limitations period. However, to state a claim for fraud, a plaintiff must allege that: (1) the defendants made a

6

material representation that was false; (2) they knew that the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) they intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

These elements are entirely absent from Lynch's petition. There is no allegation about what material misrepresentations were made, whether Jack in the Box knew that they were false or made them recklessly, whether Jack in the Box intended to induce Lynch to act on the representations, or whether Lynch actually and justifiably relied upon the representations. While pleadings are to be construed liberally, liberal construction does not mean that we imply claims that are not alleged. *See Toles v. Toles*, 113 S.W.3d 899, 911 (Tex. App.—Dallas 2003, no pet.). Although Lynch included the term "fraud" in her petition, her petition cannot reasonably be construed as raising that claim.

We conclude that the only causes of action that can reasonably be construed from Lynch's petition, negligence and product liability under the DTPA, are barred by the two-year statute of limitations. Therefore, we hold that the district court did not abuse its discretion in determining that Lynch's lawsuit had no arguable basis in law and thus in dismissing Lynch's suit as frivolous and malicious.

**CONCLUSION**

We affirm the judgment of the district court.

7

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   August 9, 2007