In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00245-CV**
_____

**CALVIN HYDER, Appellant**

**V.**

**TDCJ-ID DIRECTOR AND WARDENS**
**OF THE POLUNSKY UNIT, Appellees**

_____

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV24-0192**

_____

**MEMORANDUM OPINION**

Pro se Appellant Calvin Hyder ("Appellant" or "Hyder") appeals from the trial court's Order dismissing his claims as frivolous against the Director of the Texas Department of Criminal Justice ("TDCJ") and Polunsky Unit Wardens and finding Hyder failed to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. As explained below, we affirm.

1

Background

In March of 2024, Hyder filed a pro se pleading he styled as a "Motion For Resolving Contracts & Claims & Disputes Pursuant To Terms And Provisions of Chapter 2260" against TDCJ Director and Wardens of the Polunsky Unit. Therein, Hyder argued that State officials had no power or authority over Hyder without his consent because he is a "federal citizen[.]"[1] Hyder also asserted that "State officials had 72 hours['] grace period to release the complainant from their State's control and jurisdiction" and asked the trial court for an injunction that would require TDCJ and State officials to "accept and honor the complainant's federal sovereignty."

Also in March of 2024, Hyder filed what he styled as a "Judicial Notice" stating that, under 8 U.S.C. § 1481, "the right to expatriation is a natural and inherent right[,]" purporting to quote *United States ex rel. Wrona v. Karnuth*, 14 F. Supp. 770 (W.D.N.Y. 1936).

In April of 2024, Hyder filed what he styled as a "Motion To Dismiss without Prejudice & Change of Venue[.]" Therein, Hyder asserted that he had not filed a lawsuit under Chapter 14, and he stated he had not paid a filing fee. He requested a change of venue arguing it was error to construe his claim as one under Chapter 14,

---

[1] In Appellant's pro se documents filed in the trial court and with this Court, Appellant does not use the standard rules for capitalization but rather capitalizes most words. Herein, we use the standard rules for capitalization for readability except for the titles of documents or pleadings.

and he claimed the district court had misconstrued four of his previous cases[2] as

Chapter 14 lawsuits. Hyder alleged that certain legal documentation required for a

---

[2] Our appellate record includes no information nor documentation about the previous cases that Hyder listed in his filing. That said, the Court of Criminal Appeals noted in 2008 that Hyder "has filed nine prior applications challenging []his conviction [and] Applicant continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications[]" and "[b]ecause of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ[]" and the Court barred future repetitive writs. *See generally Ex parte Hyder*, No. WR-19,721-25, 2008 Tex. Crim. App. Unpub. LEXIS 68 (Tex. Crim. App. Feb. 6, 2008, orig. proceeding).

A search of LEXIS reveals Hyder has previously brought numerous appeals in Texas courts: *In re Hyder*, No. 05-24-01339-CR, 2024 Tex. App. LEXIS 8083 (Tex. App.—Dallas Nov. 20, 2024, orig. proceeding) (mem. op., not designated for publication) (Hyder challenged the admission of certain evidence in his 1987 prosecution for sexual assault; appellate court dismissed for lack of jurisdiction because "[t]he substance of the petition is a collateral attack on relator's 1987 conviction."); *In re Hyder*, No. 13-11-00156-CR, 2011 Tex. App. LEXIS 2185 (Tex. App.—Corpus Christi–Edinburg Mar. 23, 2011, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying relief where the trial court had declined to vacate Hyder's conviction of harassment); *Hyder v. Briones*, No. 13-07-178-CV, 2008 Tex. App. LEXIS 6156 (Tex. App.—Corpus Christi–Edinburg Aug. 14, 2008, no pet.) (mem. op.) (dismissing Hyder's Chapter 14 lawsuit as frivolous); *In re Hyder*, No. 05-07-01345-CV, 2007 Tex. App. LEXIS 8254 (Tex. App.—Dallas Oct. 18, 2007, orig. proceeding) (mem. op.) (denying relief where Hyder's "writ of habeas corpus ad-testificandum" requested transport to a hearing in a civil suit); *Hyder v. West*, No. 05-07-00637-CV, 2007 Tex. App. LEXIS 5104 (Tex. App.—Dallas June 29, 2007, no pet.) (mem. op.) (per curiam) (granting Hyder's motion to dismiss the appeal); *Hyder v. Dallas Cnty. Police Dep't*, No. 05-07-00636-CV, 2007 Tex. App. LEXIS 5027 (Tex. App.—Dallas June 28, 2007, no pet.) (mem. op.) (per curiam) (granting Hyder's motion to dismiss the appeal); *In re Hyder*, No. 05-07-00476-CV, 2007 Tex. App. LEXIS 3322 (Tex. App.—Dallas Apr. 30, 2007, orig. proceeding) (mem. op.) (denying relief where Hyder filed a "writ of conspiracy" and failed to provide a record to the court of appeals); *In re Hyder*, No. 13-07-182-CR, 2007 Tex. App. LEXIS 2410 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2007, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying

petition where Hyder had not shown he was entitled to relief); *In re Hyder*, No. 05-07-00107-CV, 2007 Tex. App. LEXIS 853 (Tex. App.—Dallas Feb. 6, 2007, orig. proceeding) (mem. op.) (dismissing Hyder's petition for lack of jurisdiction where Hyder requested that the district clerk be compelled to issue process); *In re Hyder*, No. 13-06-622-CR, 2006 Tex. App. LEXIS 9733 (Tex. App.—Corpus Christi–Edinburg Nov. 9, 2006) (mem. op., not designated for publication) (per curiam) (denying relief for lack of jurisdiction to compel a district clerk to provide Hyder a filing date and cause number for a writ of habeas corpus); *In re Hyder*, No. 13-06-00241-CR, 2006 Tex. App. LEXIS 8304 (Tex. App.—Corpus Christi–Edinburg Sept. 19, 2006, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying petition where Hyder had not shown he was entitled to relief); *Hyder v. State*, No. 13-06-384-CR, 2006 Tex. App. LEXIS 7509 (Tex. App.—Corpus Christi Aug. 24, 2006, no pet.) (mem. op., not designated for publication) (per curiam) (granting appellant's motion to dismiss); *In re Hyder*, No. 13-06-000093-CR, 2006 Tex. App. LEXIS 1841 (Tex. App.—Corpus Christi Mar. 7, 2006, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying petition where Hyder had not shown he was entitled to relief); *Hyder v. State*, No. 05-04-01451-CV, 2006 Tex. App. LEXIS 525 (Tex. App.—Dallas Jan. 23, 2006, no pet.) (mem. op.) (denying application for writ of replevin where Hyder requested "to have the registration of his birth removed from the records of this State, which in turn would require his conviction to be expunged and for him to be released from custody[]"); *Hyder v. State*, No. 05-04-01451-CV, 2006 Tex. App. LEXIS 176 (Tex. App.—Dallas Jan. 11, 2006, no pet.) (mem. op.) (denying application for writ of replevin where Hyder requested "to have the registration of his birth removed from the records of this State, which in turn would require his conviction to be expunged and for him to be released from custody[]"); *In re Hyder*, No. 05-05-00670-CV, 2005 Tex. App. LEXIS 8221 (Tex. App.—Dallas Sept. 22, 2005, orig. proceeding) (mem. op.) (denying rehearing); *In re Hyder*, No. 05-05-00670-CV, 2005 Tex. App. LEXIS 3986 (Tex. App.—Dallas May 25, 2005) (mem. op.) (denying relief where Hyder argued the trial court had erred by not ruling on his writ of replevin as the petition was duplicative of No. 05-05-00396-CV and was frivolous; also stating, "Should relator file another frivolous petition, the Court will consider imposing sanctions against relator."); *In re Hyder*, No. 05-05-00396-CV, 2005 Tex. App. LEXIS 2369 (Tex. App.—Dallas Mar. 30, 2005, orig. proceeding) (mem. op.) (denying relief where Hyder argued the trial court had erred by not ruling on his writ of replevin); *In re Hyder*, No. 05-05-00018-CV, 2005 Tex. App. LEXIS 151 (Tex. App.—Dallas Jan. 10, 2005, orig. proceeding) (mem. op.) (denying relief for lack of jurisdiction where Hyder sought mandamus compelling trial court to grant his post-conviction petition for writ of habeas corpus); *In re Hyder*, No. 13-04-601-CR, 2004 Tex. App.

LEXIS 10374 (Tex. App.—Corpus Christi Nov. 16, 2004, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying relief where petition requested a writ directing the Bee County district attorney to file a criminal complaint against a fellow inmate); *In re Hyder*, No. 05-04-00652-CV, 2004 Tex. App. LEXIS 4640 (Tex. App.—Dallas May 21, 2004, orig. proceeding) (mem. op.) (denying relief where the court construed the petition as "a collateral attack on appellant's 1987 conviction for aggravated sexual assault, for which he received a life sentence[]"); *Hyder v. State*, No. AP-05-87-00813-CR (Tex. App.—Dallas June 29, 1987, no pet.) (mem. op., not designated for publication) (affirming Hyder's 1987 conviction for aggravated sexual assault and sentence of life imprisonment) (not published in LEXIS or Westlaw, but cited by *Ex parte Hyder*, 2008 Tex. Crim. App. Unpub. LEXIS 68).

Hyder has also had numerous lawsuits in federal courts, including: *Hyder v. Sanderson*, No. 03-10016, 2003 U.S. App. LEXIS 29488 (5th Cir. June 24, 2003) (denying Hyder's petition to proceed in forma pauperis after the district court dismissed his mandamus petition as frivolous and decertified his in forma pauperis status); *Hyder v. Navarro*, No. 96-40844, 1997 U.S. App. LEXIS 43039 (5th Cir. Apr. 15, 1997) (dismissing Hyder's appeal as without merit and frivolous); *Hyder v. Collins*, No. 96-40783, 1997 U.S. App. LEXIS 43026 (5th Cir. Apr. 11, 1997) (dismissing Hyder's appeal as without merit and frivolous); *Hyder v. Ingle*, No. 96-40782, 1997 U.S. App. LEXIS 43640 (5th Cir. Apr. 7, 1997) (affirming district court's dismissal with prejudice of Hyder's First Amendment freedom-of-religion lawsuit); *Hyder v. Davis*, No. 96-40785, 1997 U.S. App. LEXIS 43625 (5th Cir. Mar. 24, 1997) (affirming district court's dismissal and denying summary judgment); *Hyder v. Collins*, No. 94-60111, 1994 U.S. App. LEXIS 43403 (5th Cir. July 22, 1994) (affirming the district court's judgment); *Hyder v. Ivey*, No. H-23-3090, 2023 U.S. Dist. LEXIS 159041 (S.D. Tex. Sept. 7, 2023) (dismissing Hyder's action because Hyder had not paid the filing fee and he was not eligible to proceed without prepaying the filing fee under the Prison Litigation Reform Act because "while he has been incarcerated, Hyder has filed more than 50 lawsuits and 26 appeals in the federal courts [and] [a]t least nine of these actions and appeals have been dismissed as frivolous or malicious[]" and there was no evidence that Hyder was in imminent danger); *Hyder v. Perez*, No. 4:18-CV-4179, 2018 U.S. Dist. LEXIS 188719 (S.D. Tex. Nov. 5, 2018) (dismissing Hyder's action because he had not paid the filing fee and because "Hyder accumulated at least seven such dismissals before filing the pending complaint [he] is no longer allowed to proceed *in forma pauperis*"; also explaining that Hyder "failed to assert a claim that has any legal basis[]"); *Hyder v. Bd. of Pardons & Paroles*, No. C-10-118, 2011 U.S. Dist. LEXIS 45846 (S.D. Tex. Apr. 28, 2011) (dismissing the action "as second or successive[]"

5

and denying a certificate of appealability); *Hyder v. Obama*, No. 5:11cv26, 2011 U.S. Dist. LEXIS 31288 (E.D. Tex. Mar. 23, 2011) (denying relief because individual citizens do not have standing to enforce provisions of the International Covenant on Economic, Social, and Cultural Rights treaty and because Hyder had not paid the filing fee, which was required because he had "filed at least three lawsuits or appeals which have been dismissed as frivolous[]"); *Hyder v. Obama*, No. 5:11cv26, 2011 U.S. Dist. LEXIS 31300 (E.D. Tex. Mar. 11, 2011); *Hyder v. Dir., Tex. Dep't of Crim. Justice-Correctional Insts. Div.*, No. 5:11-CV-25, 2011 U.S. Dist. LEXIS 28667 (E.D. Tex. Mar. 21, 2011) (denying a certificate of appealability because "[t]he factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position [and] the questions presented are not worthy of encouragement to proceed further[]"); *Hyder v. Quarterman*, No. C-08-350, 2011 U.S. Dist. LEXIS 15277 (S.D. Tex. Feb. 15, 2011) (denying Hyder's motion to amend and dismissing the action for want of prosecution); *Hyder v. Thaler*, No. C-10-118, 2011 U.S. Dist. LEXIS 49745 (S.D. Tex. Feb. 15, 2011) (dismissing Hyder's application for habeas corpus relief as "second or successive" and recommending denial of a certificate of appealability); *Hyder v. Tex. Bd. of Pardons & Paroles*, No. C-10-118, 2010 U.S. Dist. LEXIS 128337 (S.D. Tex. Dec. 3, 2010) (denying Hyder's motion for summary judgment, dismissing his habeas corpus application "as second or successive[,]" and denying a certificate of appealability); *Hyder v. Dir., Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 5:09cv100, 2010 U.S. Dist. LEXIS 358 (E.D. Tex. Jan. 4, 2010) (dismissing without prejudice); *Hyder v. Quarterman*, No. C-07-291, 2009 U.S. Dist. LEXIS 4141 (S.D. Tex. Jan. 22, 2009) (denying Hyder's motion for a restraining order where the case was "a closed habeas corpus case[]" and because the state prison where Hyder was confined was outside the court's jurisdiction); *Hyder v. Bd. of Paroles*, No. C-08-350, 2008 U.S. Dist. LEXIS 103497 (S.D. Tex. Dec. 23, 2008) (granting Hyder's motion to alter or amend the judgment and permit him to refile within the statute of limitations); *Hyder v. Quarterman*, No. C-07-291, 2008 U.S. Dist. LEXIS 103003 (S.D. Tex. Dec. 22, 2008) (denying Hyder's motion to reinstate his habeas corpus case because he failed to challenge the final judgment in a post-judgment Rule 59(e) motion); *Hyder v. Dir., Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 5:08-CV-38, 2008 U.S. Dist. LEXIS 59861 (E.D. Tex. Aug. 7, 2008) (denying Hyder's petition for writ of habeas corpus because "petitioner's claims are clearly frivolous[]"); *Hyder v. Quarterman*, No. C-07-291, 2007 U.S. Dist. LEXIS 89388 (S.D. Tex. Dec. 5, 2007) (dismissing Hyder's petition for habeas corpus relief challenging his state court harassment conviction for failure to exhaust state remedies); *Hyder v. Quarterman*, No. C-07-291, 2007 U.S. Dist. LEXIS 72039 (S.D. Tex. Sept. 27, 2007) (denying Hyder's motion for summary judgment and

Chapter 14 lawsuit had been lost or stolen and he was unable to respond to the requirements of Chapter 14. He also stated that he had not paid a filing fee.

In May of 2024, Hyder filed what he styled as a "Motion For Judgment As A Matter of Law" arguing that he is a "lawful federal citizen" and that the State has no power or authority over a federal citizen without his consent. According to the motion, Hyder contends he became a "legal federal citizen" on April 17, 2023, "by renouncing his STATE citizenship and claiming only federal citizenship." He further argued that the 14th Amendment of the United States Constitution "removes all STATE power and authority over federal citizens." According to Hyder, the trial

motion for a temporary restraining order); *Hyder v. Quarterman*, No. 3:06-CV-1588-D, 2006 U.S. Dist. LEXIS 75302 (N.D. Tex. Oct. 17, 2006) ("Consistent with the prior sanctions [requiring Hyder to pay a monetary sanction and pre-suit filing fees], Hyder is prohibited from making any new submissions in the Northern District of Texas unless he has obtained leave of court from a district or magistrate judge through a proper motion for leave."); *Hyder v. U.S. Att'y Gen.*, No. 2:01-MC-0005, 2002 U.S. Dist. LEXIS 11494 (N.D. Tex. June 27, 2002) (denying Hyder's petition for writ of mandamus because "Hyder's claim lacks an arguable basis in law, and is frivolous[]"; also characterizing Hyder as "an abusive litigant[,]" assessing a monetary sanction, and barring him from any new submissions until he satisfies the monetary sanction and pays the filing fee); *Hyder v. U.S. Att'y Gen.*, No. 2:00-MC-0014, 2002 U.S. Dist. LEXIS 8275 (N.D. Tex. May 9, 2002) (denying mandamus relief and noting that Hyder is "an abusive litigant" who has repeatedly filed "frivolous prisoner civil rights lawsuits[]"); *Hyder v. U.S. Att'y*, No. H-99-1211, 1999 U.S. Dist. LEXIS 24185 (S.D. Tex. May 20, 1999) (denying mandamus relief to require the U.S. Attorney to charge TDCJ personnel because "[p]risoners do not have a constitutional right to have prison employees criminally prosecuted[]" and stating "[t]his action is frivolous because it has no legal basis[]"); *Hyder v. Figueroa*, No. H-97-3734, 1998 U.S. Dist. LEXIS 24197 (S.D. Tex. June 5, 1998) (dismissing mandamus relief because Hyder failed to pay the filing fee or submit a properly completed application to proceed *in forma pauperis*).

court should have granted his "Motion for Judgment As A Matter of Law" because the State has no power over him due to his "expatriation" and status as a "federal citizen."

The trial court signed an Order requiring the Attorney General for the State of Texas ("AG") to review the pleadings on file to determine whether they comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code ("Chapter 14"). In response, the AG filed an amicus curiae brief. Therein, the AG explained that Hyder is serving a life sentence for aggravated sexual assault and currently he is housed at the Polunsky Unit in Livingston, Texas. The AG explained because Hyder is an inmate proceeding pro se and *in forma pauperis*, Chapter 14 governs his complaint. The AG further alleged that Hyder failed to satisfy the requirements of Chapter 14 because (1) he failed to file an affidavit or declaration identifying his prior lawsuits; (2) he failed to exhaust his administrative remedies by pursuing the grievance system; and (3) he failed to file a certified copy of his inmate trust account. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002-.005. According to the AG, a failure to fulfill the procedural requirements of Chapter 14 "will result in dismissal of an inmate's action[,]" quoting *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).

The AG further argued that a trial court also has discretion to dismiss an inmate's lawsuit if the trial court deems the suit to be frivolous or it is based on a

legal theory that lacks merit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). The AG asserted that Hyder's arguments related to "federal sovereignty" or that he is a "federal citizen[,]" and such claims are frivolous, and that it is well-established that such theories are frivolous, citing *Ex parte Blakely*, No. 02-17-00393-CR, 2018 Tex. App. LEXIS 1779 (Tex. App.—Fort Worth Mar. 8, 2018, pet. ref'd) (mem. op., not designated for publication).[3]

The AG also argued that Hyder was attempting to use a civil lawsuit to challenge his incarceration and trying to use Chapter 2260 as grounds to allege he has a contract dispute, but as a matter of law, Article 11.07 is the exclusive means to challenge a final felony conviction. *See* Tex. Code Crim. Proc. Ann. art. 11.07. The AG further asserted that Hyder's claim against the TDCJ Director and wardens acting in their official capacity is barred by sovereign immunity and that Hyder had not pleaded any applicable waiver of immunity. In addition, the AG explained to the trial court that Chapter 2260, upon which Hyder purports to rely for his pleadings, "governs only contracts for goods or services[,]" and as a matter of law it is not

---

[3] This Court has previously discussed and rejected "sovereign citizen" related arguments in *Borne v. State*, 593 S.W.3d 404, 412-13 (Tex. App.—Beaumont 2020, no pet.); *see also Duncan v. State*, No. 09-22-00367-CR, 2024 Tex. App. LEXIS 8770, at **3-5 (Tex. App.—Beaumont Dec. 18, 2024, no pet.) (mem. op., not designated for publication); *Delgado v. Lopez*, No. 09-21-00019-CV, 2022 Tex. App. LEXIS 7429, at **4-5(Tex. App.—Beaumont Oct. 6, 2022, pet. denied) (mem. op.); *Mitchell v. Tex. Dep't of Crim. Justice*, No. 09-21-000327-CV, 2022 Tex. App. LEXIS 4805, at **6-8 (Tex. App.—Beaumont July 14, 2022, no pet.) (mem. op.).

applicable in this lawsuit. *See Mitchell v. Tex. Dep't of Fam. & Protective Servs.*, 649 S.W.3d 795, 799 (Tex. App.—El Paso 2022, no pet.). In its conclusion, the AG stated that the trial court was "empowered to dismiss Plaintiff's suit[]" for failure to satisfy administrative requirements and to establish jurisdiction.

Hyder then filed what he styled as "Plaintiff's Traverse Pleadings To The Defendant's Amicus Curiae" stating that he did not file nor did he intend to file a lawsuit pursuant to Chapter 14 and generally restating his previous arguments. Hyder asked that, in the alternative, the lawsuit should be construed as a "Habeas Corpus or Writ of Liberare[.]"

The trial court signed an Order dismissing Hyder's claims as frivolous for failure to comply with Chapter 14 and stating it was a final judgment that disposed of all claims and parties. Hyder then filed what he styled as a "Motion For Relief of Judgment Based on 'Fraud'" arguing that he never filed a lawsuit under Chapter 14, and alleging the trial court's application of Chapter 14 is a "false representation by the court which constitutes fraud." Hyder also argued the AG had fraudulently characterized his lawsuit as "*in forma pauperis*" because he stated he had not submitted such an application. The trial court denied the motion. Hyder timely appealed.

Issues

We read Appellant's brief to raise three issues. (1) In his first issue, Appellant argues that the trial court erred by dismissing his lawsuit because he claims he "had an inherent right to expatriation [under] 8 USC 1481[,]" including the right to renounce his State citizenship and claim only federal citizenship. In this issue, Appellant further argues that the AG's statement that Appellant was attempting to raise a sovereign citizen claim is fraudulent. (2) In his second issue, Appellant contends the trial court erred by treating the lawsuit as an inmate's lawsuit under Chapter 14 because he had not paid a filing fee nor submitted an application to proceed *in forma pauperis* and because his original filing was only a "Motion To Resolve Contracts And Disputes Pursuant To Chapter 2260 To Enforce His Right And Status of Federal Citizenship[.]" (3) In his third issue, Appellant argues that the trial court erred by "dismissing the Appellant's Claim of Expatriation because the Appellant did not need the consent of the government to expatriate."

Appellant was pro se in the trial court and is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *Sullivan v. Lemonade Ins. Co.*, No. 09-24-00211-CV, 2024 Tex. App. LEXIS 6990, at *8 (Tex. App.—Beaumont Sept. 26, 2024, no pet.) (mem. op.) (citing *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, we hold a pro se litigant to the same standards as licensed

11

attorneys, and a pro se litigant must comply with applicable laws and rules of procedure. *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Id.* (citing *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.* at **8-9; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (in a civil matter, an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error). On appeal, Hyder also filed a "Motion For Judgment As A Matter of Law," arguing that because the Appellees filed no response to his brief, "they should be considered defaulted."

Chapter 14 Applies

We address Appellant's second issue first because it determines what standard of review we apply. Appellant argues that the underlying lawsuit was not one under Chapter 14 because "no filing fee nor application to proceed *in forma pauperis* was submitted to the court." Yet in an unsworn declaration filed with this Court,

Appellant wrote, "The Attorney General for the Defendants stated that I was proceeding pro se and *in forma pauperis*. The district court allowed the case to proceed without payment and *in forma pauperis*. Therefore, I should be allowed to proceed *in forma pauperis* on appeal." In addition, in the docketing statement filed with this Court, Appellant stated the nature of the case is a "Motion to Resolve Contract Taken As Tex. Civ. Prac. Rem. Code Chapter 14 Lawsuit[.]" In the section of the docketing statement titled "Indigency of Party[,]" Appellant wrote, "court allowed this case to proceed *in forma pauperis* without application[.]" In his appellate brief, Appellant states three times that he paid no filing fee in the trial court.

The appellate record contains no affidavit or declaration of inability to pay costs, no declaration relating to his previous lawsuits, nor a copy of Hyder's inmate trust account with his pleading. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, 14.004, 14.006. Therefore, he did not comply with the legislative mandates governing *in forma pauperis* prisoner litigation. *See Johnson v. Tex. Dep't of Crim. Justice*, 71 S.W.3d 492, 493 (Tex. App.—El Paso 2002, no pet.). He failed to pay filing fees, he asserted that "[t]he district court allowed the case to proceed without payment and *in forma pauperis*[,]" and he affirmatively sought to be treated as indigent and exempt from paying fees in this Court.

Based on the record before us, we conclude that the trial court was justified in concluding that Hyder, although declaring that he was not proceeding under Chapter

14, was actually attempting to proceed *in forma pauperis* because the record demonstrates he did not pay any filing fees in the trial court. *See id.* at 493-94. The Local Government Code requires that "[a] person shall pay" fees at the time the lawsuit or action is filed. *See* Tex. Loc. Gov't Code Ann. § 135.101(a). We cannot conclude that by simply stating he is not filing a Chapter 14 lawsuit without ever paying filing fees nor filing an affidavit of inability to pay exempts him from the requirements of Chapter 14 because doing so would "clearly thwart the legislature's intent to control the number of frivolous lawsuits being filed by prison inmates, consuming judicial resources with little offsetting benefit." *See Johnson*, 71 S.W.3d 493 (citing *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)); *see also Summers v. Dep't of Crim. Justice*, 256 S.W.3d 752, 754 n.1 (Tex. App.—Beaumont 2008, no pet.) (concluding that when the record reflects that the inmate paid no filing fees, Chapter 14 governs the matter, even if there is evidence that the inmate has the ability to pay); *Lynch v. Jack in the Box*, No. 03-06-00444-CV, 2007 Tex. App. LEXIS 6349, at **6-7 (Tex. App.—Austin Aug. 9, 2007, no pet.) (mem. op.) (applying the intent underlying Chapter 14 to a lawsuit under Chapter 13 and concluding that the purpose of the Chapter is to prevent abusive litigation by litigants who lack an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits) (citing *Spellmon v. Sweeney*, 819 S.W.2d 206, 210 (Tex. App.—Waco 1991, no writ)). During this litigation, Hyder has declared by his

14

words and conduct he wants to proceed without paying filing fees and costs; therefore, we conclude that the trial court did not err by treating his lawsuit as one under Chapter 14. *See Johnson*, 71 S.W.3d at 493.

We review a trial court's dismissal of an inmate's cause of action under Chapter 14 for an abuse of discretion. *See Terrell v. Carter*, No. 09-19-00373-CV, 2021 Tex. App. LEXIS 3532, at *5 (Tex. App.—Beaumont May 6, 2021, no pet.) (mem. op.). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We cannot say the trial court abused its discretion in applying Chapter 14 to Hyder's claim and in concluding his suit was frivolous.

## 8 U.S.C. § 1481 Does Not Apply

In his first issue on appeal, Hyder argues he "had an inherent right to expatriation [under] 8 USC 1481[,]" including the right to renounce his State citizenship and claim only federal citizenship. In Hyder's initial filing in the trial court he claimed that because he has renounced his State citizenship, "State officials had 72 hours['] grace period to release the complainant from their State's control and jurisdiction [and] they have absolutely no power or authority over a Federal Citizen without his given consent[.]"

Appellant's brief refers to a document he claims he filed in which he renounced his State citizenship that he says he filed on or about April 17, 2023, in Polk County. We do not find a copy of the alleged document in the appellate record. Appellant's brief includes no citations to the appellate record. Our Rules of Appellate Procedure require that an appellate brief cite to the record. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to cite to the record and to applicable authority).

Appellant cites to 8 U.S.C. § 1481 as supporting his assertion that he voluntarily "expatriated" his State citizenship. Section 1481 is a federal statute that provides for various ways in which a citizen (whether native-born or naturalized) may lose or renounce their U.S. citizenship. *See* 8 U.S.C. § 1481; *Vance v. Terrazas*, 444 U.S. 252, 254 (1980); *In re Williams*, No. 14-18-00245-CV, 2019 Tex. App. LEXIS 1660, at *5 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, no pet.) (Under section 1481, "[a] person can relinquish his United States nationality by voluntarily performing certain acts with the intention of relinquishing his United States nationality."). We conclude that 8 U.S.C. § 1481 does not apply to Hyder's incarceration, nor does it require the TDCJ to release Hyder. *See* 8 U.S.C. § 1481; *see also* Tex. R. App. P. 38.1(i).

## Chapter 2260 Does Not Apply

Appellant argues that his lawsuit is not governed by Chapter 14 but rather by Chapter 2260 because it is styled as a "Motion For Resolving Contracts & Claims & Disputes Pursuant To Terms And Provisions of Chapter 2260[.]" Appellant provided no analysis of the relevance of Chapter 2260 in the trial court nor on appeal. *See* Tex. R. App. P. 38.1(i). The Texas Supreme Court has explained, "Chapter 2260 applies to 'an independent contractor who has entered into a contract directly' with an agency. The contract must be in writing and 'for goods or services,' or for a defined project listed in section 2166.001." *In re City of Galveston*, 622 S.W.3d 851, 855-56 (Tex. 2021) (citing Tex. Gov't Code Ann. § 2260.001(1)). Appellant has not alleged that he is an independent contractor nor that he has entered into a written contract with TDCJ for goods, services, or a defined project. Therefore, we conclude that Appellant pleaded no allegations, nor has he cited to any relevant legal authority for his suggestion that he may bring a claim or lawsuit under Chapter 2260. *See* Tex. R. App. P. 38.1(i). We also find no merit to Hyder's Motion for Judgment As a Matter of Law, and we deny his motion.

Having considered the record and Appellant's arguments on appeal, we overrule all of Appellant's issues, and we conclude that the trial court did not err in dismissing his lawsuit as frivolous. *See Terrell*, 2021 Tex. App. LEXIS 3532, at *5.

We affirm the trial court's order dismissing Hyder's lawsuit.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on January 8, 2025
Opinion Delivered February 6, 2025

Before Golemon, C.J., Johnson and Wright, JJ.